JOHN B. RAY *vs.* GEORGE A. ISBELL.

Third Judicial District, Bridgeport, April Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

In an action to recover upon a *quantum meruit* for work done and mate-
rials furnished, the parties were at issue as to whether the whole job
was to be done for a stated price, or whether that price included only
a part of the work and materials. It appeared that a part of the nego-
tiation for the work was had by the defendant with the plaintiff and a
part with plaintiff's foreman. *Held,* that evidence of the foreman to
the effect that his estimates, made at the request of the defendant,
were confined to a part only of the work and materials, was admissi-
ble as a contemporaneous act, analogous to a written entry in the
course of a business transaction, corroborating the plaintiff's own tes-
timony, and also as independent evidence, since it formed a part of the
transaction between the parties.

[Argued April 17th—decided May 16th, 1894.]

ACTION to recover for work and labor and materials fur-
nished in the repair of a house; brought to the City Court
of New Haven and tried to the jury before *Cable, J.;* ver-
dict and judgment for the plaintiff and appeal by the de-
fendant for alleged errors of the court in admitting evidence.
*No error.*

The case is sufficiently stated in the opinion.

*William H. Ely,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

ANDREWS, C. J. The plaintiff is a plumber, and brought
this action to recover the price of certain material furnished
and plumbing work done by him on the " Royton House "
in New Haven at the request of the defendant, the owner
of the house. The plaintiff claimed to recover what the
material and the service were reasonably worth. The de-
fendant insisted that the whole, service and material, was to
be furnished for the agreed price of one hundred dollars.

This was the only controversy at the trial. The case was tried to the jury, who returned a verdict for the plaintiff to recover the amount of two hundred forty-six and 17-100 dollars. The defendant appealed to this court. He assigned three reasons of appeal, only one of which is material:—— " That the court erred in admitting the testimony of Alfred Murphy, the plaintiff's foreman."

The plaintiff in his bill of particulars had charged:—— " 1892, Oct. 4. To contract price for closet, $12.00 ; " and under the same date:——" To contract price for two new closets, $65.00 ; " followed by other charges at later dates amounting to the whole sum which he claimed to recover. The defendant contended that all the work mentioned in the bill of particulars under the date of Oct. 4th, 1892, was done under a contract, and the amount to be paid therefor was thirty-five dollars ; and that all the work and material mentioned in said bill of particulars after said date of Oct. 4th, 1892, were furnished under a special contract by which the plaintiff agreed to do all said work and furnish all said material for sixty-five dollars.

The plaintiff offered evidence tending to show that all the work done by him on the said " Royton House " had been ordered to be done by the board of health of said city, and to be done to the satisfaction of the plumbing inspector, and under his supervision ; that the defendant had requested Alfred Murphy, the plaintiff's foreman, and acting for the plaintiff, to put the plumbing in said house in a condition satisfactory to the said plumbing inspector. And in support of his claim concerning the items in his bill subsequent to Oct. 4th, 1892, he offered evidence to prove that after certain repairs had been made on said house, the plumbing inspector had said the work was not satisfactory and that new closets would have to be put in; that the defendant was notified of this by the said Murphy ; and that a contract was made by him, the plaintiff, with the defendant under the following circumstances:——On a certain day the plaintiff called at the defendant's office and in a talk with him gave the price for which he would do the job, and the defendant

replied that he would let him know in a day or two, and in a day or two thereafter the defendant told him, the plaintiff, to go ahead and do the job. The plaintiff claimed that the talk was about the two new closets and their appurtenances only. To support this claim the plaintiff introduced the said Murphy as a witness, who testified that he repaired the old closets in said house; that the plumbing inspector had said they would not do, and that new closets would have to be put in; that he informed the defendant of what the inspector had said, and that the defendant then asked him how much it would cost to put in the new closets; that after the interview he made estimates on the job, and that he put in the two new closets by order of the plaintiff. He was then asked:—"What did you figure on after Isbell had told you to find out what it would cost to put in the new closets?" He answered:—"On two new closets and the fixtures thereto only."

To this question and answer the defendant objected, but the court admitted them. We think this evidence was admissible. Murphy was the plaintiff's agent. In making the estimate he was acting for the plaintiff. The defendant in requesting him to make the estimate was dealing with him as the plaintiff's agent. The estimate made by Murphy was the same as if made by the plaintiff himself. In this matter the act of Murphy was the act of the plaintiff. It was a contemporaneous act analogous to a written entry made in the course of a business transaction to which the plaintiff might refer to corroborate his own testimony, and which would be admissible as independent evidence because it formed a part of the transaction between the parties. *Bridgewater* v. *Roxbury*, 54 Conn., 213; *Platt* v. *Hubinger*, 58 id., 153; 1 Greenleaf on Evidence, § 120.

As to the other reasons of appeal we think there is no error. Indeed the ground upon which they were predicated is pretty much taken away by the finding of facts. They were not much relied on in this court.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.