THE BUILDERS SUPPLY COMPANY *vs.* NEWTON H. COX.

Third Judicial District, Bridgeport, October Term, 1896.   ANDREWS, C. J.,
       TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

While it is within the discretion of the trial court to admit the declarations of an alleged agent before the fact of his agency is established, yet that fact must be proved at some stage of the trial in order to make the declarations competent evidence.

The exclusion of certain evidence tending to prove a particular fact, furnishes no ground of complaint, if such fact is found by the trial court upon other competent evidence.

A party's statements in his own interest, made out of court and without the knowledge of the adverse party, are inadmissible in his behalf.   Public policy does not permit parties to make evidence for themselves in this way.

[Argued October 28th—decided December 1st, 1896.]

ACTION to recover for building supplies, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hotchkiss, J. ;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court.   *No error.*

The case is sufficiently stated in the opinion.

*Henry G. Newton*, for the appellant (plaintiff).

*William H. Ely*, for the appellee (defendant).

FENN, J.   The plaintiff claimed that the defendant was indebted to it in the sum of $425, for windows, doors and blinds, used in the construction of the house of said defendant.   The answer was a denial.

The trial court found that the house was built for the defendant by one Gilmond; that said supplies were furnished by the plaintiff to said Gilmond, not to the defendant, and that the defendant never agreed to pay the plaintiff for the same. The appeal presents for our consideration two rulings made upon the trial in reference to evidence :—

*First.* It appeared that it was agreed between the plaintiff Gilmond and the defendant Cox, that the plaintiff should procure such hardware as might be needed in the performance of its contract, of the firm of Cox & Lyon, of which said Cox was a member, and that the price of such hardware should be allowed as a partial payment to Gilmond, and that the plaintiff would allow such a price as a partial payment from Gilmond; and this agreement was carried out. During the trial the plaintiff introduced as a witness one Oswin W. Humiston, manager and agent of the corporation, who testified that certain young men who worked in the store of Cox & Lyon brought down monthly statements of hardware purchased, and among others a person called " George," whom the witness had seen in the store of Cox & Lyon, brought down to the place of business of the plaintiff statements of the amount of hardware delivered by Cox & Lyon under the agreement stated ; and the plaintiff, without showing or offering to show that this "George" was in any way the agent of Cox, or that he was authorized to give any directions, asked said Humiston the following question : " What directions did he give in regard to crediting the amount of those bills?" To this question the defendant objected, on the ground that no agency or any authority to give directions had been shown, and the court excluded the question, the plaintiff excepting.

This ruling was clearly correct. The fact of agency, and that the alleged statement was within its real or apparent scope, was essential to be first proved. *Scott* v. *Crane*, 1 Conn. 255, 259 ; *Charter* v. *Lane*, 62 id. 121 ; *Thill's Sons & Co.* v. *Perkins Electric Lamp Co.*, 63 id. 478. It is true, indeed, that it is not error to admit the declarations of an alleged agent before the agency is proved; provided always, that the only objection is as to the order of proof, a matter

resting in the discretion of the trial judge; and provided also, that such testimony is received and treated as being of no importance, unless the agency which authorizes the statement is proved. *Stirling* v. *Buckingham*, 46 Conn. 461; *C. & C. Electric Motor Co.* v. *D. Frisbie & Co.*, 66 id. 67. But here it was not a question as to the order of testimony. There was no claim or representation made that any further evidence of agency or authority existed, or would be produced.

There is a further reason why the plaintiff has no cause to complain of the ruling, which perhaps should be stated. If the answer to the question had been received and proved all that the plaintiff claimed it would—an instruction to credit the hardware to the defendant Cox—it would have been entirely consistent with what the court found to be the fact, *viz*, that such hardware should be credited to the defendant, though to be, as the court further found, allowed as a partial payment from the defendant to Gilmond, and by the plaintiff as a partial payment from Gilmond.

*Second.* Evidence was introduced to show that there was talk between the parties in regard to accepting an order from Gilmond on the defendant, and the plaintiff's counsel asked its witness, Oswin W. Humiston, this question: " Mr. Gilmond and you have both testified about an order. Now, after the talk about an order on Cox, please state whether, after that talk, you inquired of me whether an order was necessary, and if so, what was said?" Plaintiff's counsel claimed to be able to show by the answer that Mr. Humiston had asked Mr. Newton—plaintiff's regular counsel—whether an order was necessary; that he had stated to said counsel, and been advised by him, that if there was no dispute, but the facts were in accordance with his statement, an order was not necessary, but that if there was any doubt about it a factorizing suit ought to be brought at once. The court, upon the defendant's objection, excluded the evidence, and the plaintiff excepted.

The plaintiff claims that the fact that its witness and agent made the same statement to counsel, in the day and time of

it, that he made in court upon the trial, and that the plaintiff acted upon advice predicated upon such statement, tended to confirm and corroborate the witness both as to the reliability as well as the accuracy of his statement. It is said this "was an. act. It was not in the nature of hearsay or mere report. It was as much an act done in the business of the corporation as an entry on the books of the corporation would have been." .

But we think this statement irrelevant to the question presented. It is not an inquiry whether this may be regarded as what is sometimes called a verbal act, or whether if so, it is an act done in the business of the plaintiff corporation. Both of these claims might be conceded and the query still remain untouched, whether public policy would permit parties to make evidence for themselves by statements not against but in furtherance of interest, out of court, in the absence and without the knowledge of the opposite parties. The question is not a new one. To hold that it would, would require the reversal of an overwhelming weight of authority, and of thoroughly established and recognized rules of evidence.

The plaintiff, however, relies upon the case of *Card* v. *Foot*, 56 Conn. 369, as in effect an authority in this jurisdiction in its favor; but that it is not so, is clear, for grounds fully stated in the case of *Pinney* v. *Jones*, 64 Conn. 545, the reasoning of which applies with full force to the present case. See also *Ray* v. *Isbell*, 64 Conn. 307, 309, in which certain evidence was held admissible as "a contemporaneous act analogous to a written entry made in the course of a business transaction, to which the plaintiff might refer to corroborate his own testimony, and which would be admissible as independent evidence;" the ground being "because it formed a part of the transaction between the parties,"—a ground which has no existence in the present case.

There is no error.

In this opinion the other judges concurred.