NICHOLAS KULUKUNDIS ET AL. *v.* DEAN STORES HOLDING COMPANY, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 5—decided April 10, 1946.

*Lorin W. Willis,* for the appellants (plaintiffs).

*Bernard S. Peck,* with whom, on the brief, was *David Goldstein,* for the appellees (defendants).

JENNINGS, J.   The question to be decided is whether the plaintiffs can recover rent from Dean Stores, Inc., on the theory that it was an equitable lessee of a store occupied by it or was liable for the debts of the named defendant, the actual lessee, under the circumstances disclosed by the finding.

There is no substantial dispute about the facts. Dean Stores, Inc., is a Connecticut corporation operating retail cleaning establishments in southwestern Connecticut and southeastern New York.   Dean Stores Holding Company, Inc., was organized for the purpose of acquiring real estate and entering into leases,

thereby segregating the property and leases from the retail cleaning business of Dean Stores, Inc. No real estate was acquired by the Holding Company, but it held about forty leases of stores which were occupied and conducted by Dean Stores, Inc.

Both corporations were organized in 1935 and had the same officers, directors and stockholders, whose interests in each corporation were in substantially the same proportions. Dean Stores, Inc., did a large business and paid all the expenses of Dean Stores Holding Company, Inc.

On March 18, 1940, Jason D. Radding entered into a written lease with Dean Stores Holding Company, Inc., of a store in Tarrytown, New York, for a period of five years from May 1, 1940. This lease was unassignable except as provided therein. The plaintiffs have been the owners of the leased premises since July 1, 1943, and they collected the rent from Dean Stores, Inc., from that date to October 1, 1943. Dean Stores Holding Company, Inc., never entered into possession of the leased premises. They were occupied by Dean Stores, Inc., immediately after the execution of the lease. The premises were abandoned by Dean Stores, Inc., on October 1, 1943, and the rent due for October, November and December, 1943, remains unpaid.

No assets belonging to Dean Stores Holding Company, Inc., were ever transferred to Dean Stores, Inc., nor was there any transfer of assets by either corporation to the other for the purpose of rendering either of them insolvent. No inquiry was made by the original lessor regarding the financial standing of Dean Stores Holding Company, Inc., nor was any statement or representation on that subject made to him to induce the execution of the lease.

On these facts the trial court concluded that Dean

Stores Holding Company, Inc., was liable for the rent, that the two corporations were legally and factually distinct and Dean Stores, Inc., was not the equitable lessee and that no fraudulent representations were made to induce the execution of the lease. Judgment was for the plaintiffs against Dean Stores Holding Company, Inc., and in favor of Dean Stores, Inc.

The plaintiffs' claim that Dean Stores, Inc., is the equitable lessee of the premises so as to become liable for the rent for the balance of the term is without merit. It is to be noted that the rent has been paid for the period of occupancy. Any claim for the balance of the time must be based solely on the covenants of the lease. That instrument, by its terms, imposes mutual obligations on the lessor and lessee. Neither the plaintiffs nor Dean Stores, Inc., were parties thereto. The possession of the latter with the permission of the lessee was the possession of the lessee. *Bacon* v. *Brown,* 9 Conn. 334, 338. Dean Stores, Inc., would have no standing to enforce the covenants entered into by the lessor, especially as against the plaintiffs, nor can these plaintiffs proceed against Dean Stores, Inc., as equitable lessee. Few cases have been found dealing with this novel situation and none which use the plaintiffs' terminology of "equitable lessee." A New Jersey case and certain English cases discussed therein are, however, sufficiently close on their facts to justify the characterization of the plaintiffs' claim as being "without merit." The flat statement is made that there is no general principle that whenever a legal lessee is trustee for another the rent becomes an equitable debt from the cestui que trust by whatever name he may be called. *Borcherling* v. *Katz,* 37 N. J. Eq. 150, 154; *Walters* v. *Northern Coal Mining Co.,* 5 De G. M. & G. 629, 639; *Cox* v. *Bishop,* 8 id. at 815, 822; *Ramage* v. *Womack,* [1900] 1 Q. B. 116.

The other claim of the plaintiffs is variously and not very precisely stated. In effect it appears to amount to this: The organization of Dean Stores Holding Company, Inc., was a fraudulent device to hinder and delay creditors; therefore the court should have "pierced the veil of corporate entity" and held it to be a mere front or sham for Dean Stores, Inc., and should further have held Dean Stores, Inc., responsible for the debts of Dean Stores Holding Company, Inc. It is true that courts will disregard legal fictions, including that of a separate corporate entity, when they are used for fraudulent or illegal purposes. Unless something of the kind is proven, however, to do so is to act in opposition to the public policy of the state as expressed in legislation concerning the formation and regulation of corporations. The subject is fully discussed and implemented by a judicious selection from the innumerable authorities on the subject in *Hoffman Wall Paper Co., Inc.* v. *Hartford,* 114 Conn. 531, 534, 159 Atl. 346. The liberal and conservative views are set forth in 12 Columbia Law Review 496 and 17 Columbia Law Review 128, respectively. See also 13 Am. Jur. 160 et seq.; notes, 1 A. L. R. 610, 34 A. L. R. 597.

The exigencies of this case do not require any detailed discussion of these well-established principles. On this phase of the case, the plaintiffs' difficulty is not one of law but of fact. The *Hoffman* case holds that mere control through ownership of practically all of the shares of stock is not enough, in itself, to invoke the doctrine. The plaintiffs here have alleged fraud and have the burden of proving its existence. This proof must be positive and definite. *Burley* v. *Davis,* 132 Conn. 631, 634, 46 Atl. (2d) 417; and see *Schmid* v. *First Camden National Bank &c. Co.,* 130 N. J. Eq. 254, 261, 22 Atl. (2d) 246; 1 Fletcher, Corpo-

rations, p. 142. The trial court has found that the plaintiffs have failed in this proof and has found no facts from which fraud must be inferred as a matter of law. The plaintiffs cannot prevail upon either ground of appeal.

There is no error.

In this opinion the other judges concurred.