HENRY L. CREELMAN, JR., ET AL. *v.* FRANK
A. ROGOWSKI ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 3, 1964—decided February 9, 1965

*Berkeley Cox, Jr.,* with whom was *H. David Leventhal,* for the appellants (plaintiffs).

*William M. Krug,* for the appellees (defendants).

COMLEY, J. This action was brought by the plaintiffs, husband and wife, against the defendants, also husband and wife, to recover damages for alleged false representations, express or implied, in the sale of a dwelling house and lot. The plaintiff wife, although present in court, did not testify, and, at the conclusion of the plaintiffs' case, the court granted a nonsuit against her. She has appealed from the refusal of the court to set the nonsuit aside, but we cannot review this ruling since she has failed to print the evidence, or a statement of it, in the appendix to her brief.

The defendants rested their case without offering any evidence. From the judgment rendered in their favor the plaintiff husband has appealed. We summarize the finding as follows: The defendants owned a dwelling house at 288 Fairfield Avenue in Hartford. It was in a B residence zone where dwellings for more than two families are prohibited unless a variance or a special exception is obtained. In the summer of 1960, the defendants were informed by a building inspector that their own personal occupancy of one apartment and the rental of two others, making a total of three families within the building, was a violation of the zoning regulations. In the summer of 1961, the defendants placed an advertisement in a Hartford newspaper for the sale of their property which read as follows: "FAIR-FIELD AVE. 288 Two, three room furnished apartments, 6 room apartment, for owner. Call JA 2-7764." This advertisement came to the attention

of the plaintiffs. During negotiations for the sale of the property, the plaintiffs inspected the property and observed that in addition to the three apartments which were advertised and were on the first two floors, there was also additional space on the third floor. The defendant wife told the plaintiffs that the additional space on the third floor could not be rented as a fourth apartment unless a zoning variance was obtained. The defendants did not represent to the plaintiffs that the existing occupancy of three apartments constituted a legal use. On the other hand, they did not disclose that such occupancy was a zoning violation. The plaintiff husband did not rely on any representations, express or implied, as to zoning. Before the purchase, the plaintiff husband was told by the clerk of the zoning board of appeals that the property was in a B residence zone and could not be occupied by four families unless a variance was obtained.

It is obvious that, in order to prevail, the plaintiff husband must obtain a radical revision of the finding. To overcome the obstacles presented by the finding, he offers simply his own testimony that he relied on the advertisement and on the physical appearance of the house as being representations that the building could be lawfully occupied by three families. The advertisement does not so state, and there was nothing in the physical layout of the house to justify such an inference. Proof of fraud must be positive and definite. *Kulukundis* v. *Dean Stores Holding Co.,* 132 Conn. 685, 689. 47 A.2d 183. Fraud must be strictly proven, and the evidence must be clear, precise and unequivocal. *Burley* v. *Davis,* 132 Conn. 631. 634, 46 A.2d 417. It cannot rest upon such slender inferences as the plaintiff husband seeks to have drawn in this case.

The only other question which requires discussion is whether the failure of the defendants to disclose the knowledge which they admittedly possessed concerning the zoning situation necessarily leads to the conclusion that they were guilty of fraud. It is only in exceptional circumstances that fraud can be based on nondisclosure. *Slabotsky* v. *State Department of Health,* 108 Conn. 88, 92, 142 A. 477; *Boardman* v. *Burlingame,* 123 Conn. 646, 656, 197 A. 761. In an action based on fraudulent nondisclosure the plaintiff must prove not only the nondisclosure but his reliance on it. See *Franchey* v. *Hannes,* 152 Conn. 372, 379, 207 A.2d 268. Here, the court has expressly found that there was no such reliance, and the finding must stand.

There is no error.

In this opinion the other judges concurred.