STATE OF CONNECTICUT *v.* JASPER ROBERSON

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 4—decision released May 17, 1977

*John R. Williams,* special public defender, for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

BOGDANSKI, J. After a trial to a jury, the defendant was found guilty on the second count of an information charging him with robbery with violence in violation of § 53-14 of the General Statutes.[1] He appealed from the judgment rendered and filed a preliminary statement of the issues he intended to pursue. Only those issues which were briefed will be considered. *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809.

The facts of the case which the jury could reasonably and logically have found, as disclosed by the evidence printed in the briefs, can be summarized as follows: On the night of January 10, 1970, Alfred Nesta, a cab company employee, was dispatched to an address on Sylvan Avenue in the city of New Haven. Upon his arrival there, two men got into

---

[1] The defendant was charged with two separate counts of robbery with violence in one information. After a motion to sever, he received two trials before different judges and juries. He was found guilty on the first count of the lesser included offense of robbery, and guilty as charged in the second count. He took an appeal from the judgment in each case. Only the appeal from the judgment on the second count is dealt with in this opinion.

the back seat of his cab and requested him to proceed toward Elliott Street. Shortly thereafter the man seated directly behind Nesta grabbed him, put a razor to his throat and demanded his money. Nesta handed over between forty and fifty dollars. The other man reached forward and removed the keys from the ignition. During the incident Nesta received cuts on his hand and throat. While the robbery was in progress a police car approached and the men fled from the scene. Despite pursuit by the police, neither of the men was apprehended.

Two days later, Emory Davis was arrested as one of the two assailants in the above-recited incident. Following his arrest he gave a written statement to the police which implicated the defendant as the other assailant.

At the trial, Davis, who had already been convicted in connection with the same incident, was called by the state as a witness. On direct examination, Davis testified that he and another man, not the defendant, had committed the robbery. The state claimed surprise and sought to impeach Davis by offering evidence of his written statement. Defense counsel objected. The court overruled the objection and permitted the state to cross-examine Davis.

"A party who is surprised by the adverse testimony of his own witness, although voluntarily called, may be permitted to examine him for the purpose of showing that he has made statements contradictory to his testimony upon the stand. Such examination is, however, a privilege and not a matter of right. *Gondek* v. *Pliska*, 135 Conn. 610, 616–17, 67 A.2d 552; *Sandora* v. *Times Co.*, 113 Conn. 574, 585, 155 A. 819; *State* v. *Gargano*, 99

Conn. 103, 113, 121 A. 657." *State* v. *Jones,* 166 Conn. 620, 622, 353 A.2d 764. Error in the granting of that privilege will be found only if the record demonstrates an abuse of discretion by the trial court.

The state admitted that several days prior to trial it had indirect knowledge that the witness might give testimony contrary to what he had stated earlier. Such advance knowledge by the state does not, however, necessarily support a claim that the trial court abused its discretion in permitting cross-examination. "Although counsel may have good ground for believing that a witness intends to testify in a manner contrary to a statement he has previously given, counsel may still call the witness to the stand under the belief that, when confronted by the prior statement, the witness will abandon efforts to deviate materially therefrom. . . . Under such circumstances, if the witness fails to testify in substantial accord with his prior statement, the court has discretion to permit the admission of the inconsistent statement, even though surprise, in the full sense of the word, is lacking. *London Guarantee & Accident Co.* v. *Woelfle,* 83 F.2d 325, 332–34 (8th Cir.); 3 Wigmore [Evidence (3d Ed.)] § 903, p. 396 . . . ." *Liebman* v. *Society of Our Lady of Mount St. Carmel, Inc.,* 151 Conn. 582, 589, 200 A.2d 721. See also *Wheeler* v. *United States,* 211 F.2d 19 (D.C. Cir.), cert. denied, 347 U.S. 1019, 74 S. Ct. 876, 98 L. Ed. 1140. In the circumstances of this case, the trial court did not abuse its discretion in permitting the state to cross-examine the witness.[2]

---

[2] The defendant also claims that the court denied him due process of law by admitting the prior inconsistent statement, citing *Bruton* v. *United States,* 391 U.S. 123, 129, 131, 88 S. Ct. 1620, 20 L. Ed. 2d 476. The claim lacks merit in this case in view of the fact that

The defendant next challenges the ruling of the court in allowing the state to introduce evidence of the defendant's oral confession. The defendant filed a preliminary motion to suppress the confession, claiming that "[the defendant] did not at any time knowingly or willingly waive his right to the presence and assistance of counsel at his interrogation or his right to remain silent." The court thereafter conducted a full evidentiary hearing on the motion and found the confession admissible. Subsequently, at the trial, the defendant renewed his motion to suppress the confession. That objection was overruled on the basis of the preliminary ruling.

On appeal the defendant sought a review of the court's ruling on the motion to suppress and, since the claimed error was not apparent on the face of the record, requested a special finding and filed a special draft finding. That request was denied and no finding was made.

The defendant, however, has failed to comply with the provisions of Practice Book § 631A (c) (3).[3] In the absence of compliance with that Practice Book rule, we have no way of reviewing the trial court's ruling.

There is no error.

In this opinion the other judges concurred.

---

the witness was present, testified and was subject to cross-examination, and where the trial court on two occasions expressly instructed the jury that the statement was offered not as probative evidence but only to affect the credibility of the witness.

[3] When error is claimed in any ruling, the brief shall include the pertinent motion; the question or objection and the ground on which it was based; the ground on which the evidence was claimed admissible; the answer, if any; the ruling; and any exception. When the basis of the ruling cannot be understood without a knowledge of the evidence which preceded or followed the ruling, a brief narrative of such evidence or proceeding should be made.