## J. C. BURWELL, INC. *v.* ANTONIO REALE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 933

Argued September 10 – decided December 19, 1980

*John D. Blackford,* for the appellant (defendant).

*Robert L. Fisher, Jr.,* for the appellee (plaintiff).

ARMENTANO, J.  The plaintiff has alleged in its complaint that the defendant charged various building materials on his account with the plaintiff.  The parties agree as to the amount of the debt but are in disagreement as to whether it is a corporate debt of Reale Construction Co., Inc. (hereinafter Reale Construction), or the personal obligation of the defendant. The court rendered judgment for the plaintiff.

The evidence will support the following facts: John C. Burwell was the president and treasurer of the plaintiff, a corporation engaged in the sale of building materials. Antonio Reale was president of Reale Construction which was involved with the King's Plaza building project in Barkhamsted. The plaintiff sold materials to be used on this project on an open account. The open account was maintained on a ledger card in the plaintiff's records in the name of Reale Construction, and periodic bills on this account were sent to it. The plaintiff received at least nineteen checks dated from January, 1972, to November, 1976, all of which were credited to the debt owed to the plaintiff by Reale Construction. One check was drawn on the checking account of New England Building, Inc. and another was drawn on the checking account of M&R Development Company. Both of these checks were signed by Sebastian Accaputo. The rest of the checks were signed by Antonio Reale; thirteen checks were drawn on the account of Reale Construction and the remaining four were drawn on the checking accounts of A&A Development Company, M&R Development Company, and M&R Realty.

Accaputo was employed by Reale Construction from 1970 until 1976. He was superintendent of the King's Plaza project. Sometime during 1974 or 1975, Accaputo told Burwell that "Reale Construction and M&R" were one and the same. In July, 1975, the plaintiff sent its statement to both M&R Development Company and Reale Construction. Attached to the statement were invoices to Reale Construction. In September, 1975, and October, 1975, the plaintiff sent its statement only to Reale Construction.

On March 12, 1976, Accaputo wrote to the attorney for the plaintiff regarding the claim against Reale Construction. This letter was written on Reale Construction letterhead. On March 25, 1976, he again wrote to the plaintiff's attorney regarding the

account. This letter was on the letterhead of M&R Development Company. The authority to write and mail letters similar to the one dated March 12, 1976, was given to Accaputo by the defendant in his capacity as president of Reale Construction.

On one or more occasions during the period from 1972 to 1975, Accaputo ordered materials for the Barkhamsted project. Ken Dolton, the construction site supervisor, and Robert Deskas, the project manager, also had authority to contract with subcontractors. The defendant and Burwell never discussed the account, nor did they have direct contact of any sort with each other. When the plaintiff extended credit to Reale Construction, it was not based on the credit of the defendant or his financial statement.

The trial court found that the defendant's office manager, Accaputo, admitted by the letter dated March 25, 1976, that " 'our records show a balance of $2,834.70.' Accaputo had authority to write that letter." The court further found that "[t]he defendant himself also signed two checks from 'M & R Realty' in payment on this account; two checks from 'M & R Development Company' and one from 'A & A Development Company' all in payment to the plaintiff. He also signed many checks in payment from Reale Construction, Inc."

The trial court fails to set forth in its memorandum of decision sufficient facts upon which to base its conclusion that the defendant was personally liable for this debt, and that Accaputo had the authority to make admissions on behalf of the defendant. Practice Book, 1978, § 3060B requires that the court "state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision." In this case, the memorandum of decision sets forth only the fact that the office manager admitted the debt and

that checks from different sources, including three checks from M&R Development Company, were received and credited to the account of Reale Construction. The trial court failed to explain its reasons for concluding that the defendant was personally liable.

Although the defendant, in his statement of issues, raises five questions to be decided by this court, a resolution of three of these issues will be dispositive of this appeal. These issues are (1) whether the facts found by the court are sufficient to support the court's conclusion that the defendant is personally liable to the plaintiff; (2) whether Accaputo's agency to bind the defendant personally was ever established at trial; and (3) whether there is sufficient evidence to justify the piercing of the corporate veil to hold the defendant personally liable for the debt obligation incurred by Reale Construction.

In the absence of sufficient findings by the trial court in its memorandum of decision, we have examined the record to determine whether the evidence supports the decision of the court. We conclude that the evidence does not support the decision. The account was opened in the name of Reale Construction. There is no evidence (1) that the plaintiff relied on the financial ability of the defendant when it extended credit to Reale Construction; (2) that the account was opened by the defendant either individually, or jointly, with Reale Construction; (3) that the defendant would be obligated on the account; (4) that the defendant was the owner of the King's Plaza project or received any building materials or benefits from the plaintiff; (5) that the defendant and Burwell ever had personal or telephone contact with each other; (6) that Accaputo was employed by the defendant individually; (7) that the defendant gave authority to Accaputo to bind him personally in any manner whatsoever; (8) that

Accaputo was in any position of authority to bind the defendant by admission or otherwise; and (9) that M&R Development Company did any active business under such a trade name. The mailing of an invoice by the plaintiff to M&R Development Company and the mailing of three checks by M&R Development Company to the plaintiff are insufficient to bind personally the defendant.

There is evidence that Accaputo stated the Reale Construction and M&R were one and the same. The record does not indicate whether Accaputo was talking about M&R Realty Company or M&R Development Company. For the purposes of this appeal, we shall assume that he was talking about M&R Development Company. There is further evidence that Accaputo, as office manager, in a letter dated March 25, 1976, on M&R Development Company letterhead, acknowledged that "our records show a balance of $2,834.70" due the plaintiff. The plaintiff failed to show that Accaputo had any authority to make any admission or acknowledgment on the part of the defendant. Without such authority, Accaputo's statement and the acknowledgment in the letter could not have been an admission by the defendant. The mere fact that Accaputo acknowledged the indebtedness on M&R Development Company stationery and signed the letter as office manager does not justify an inference by the court that Accaputo had the authority to make the admission or acknowledgment for the defendant. *Liebman* v. *Society of Our Lady of Mount St. Carmel, Inc.,* 151 Conn. 582, 586, 200 A.2d 721 (1964).

"It is true that courts will disregard legal fictions, including that of a separate corporate entity, when they are used for fraudulent or illegal purposes. Unless something of the kind is proven, however, to do so is to act in opposition to the public policy of the state as expressed in legislation concerning the for-

mation and regulation of corporations." *Kulukundis* v. *Dean Stores Holding Co.,* 132 Conn. 685, 689, 47 A.2d 183 (1946); see *Saphir* v. *Neustadt,* 177 Conn. 191, 209–12, 413 A.2d 843 (1979); *Zaist* v. *Olson,* 154 Conn. 563, 581, 227 A.2d 552 (1967) (Cotter, J., dissenting). We have reviewed the evidence and find that this essential element had not been proven and that the facts did not support a conclusion that it existed. Furthermore, during the argument before this court, the attorney for the plaintiff conceded that the evidence in the case was insufficient to pierce the corporate veil.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion SHEA and BIELUCH, Js., concurred.