[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In her original complaint, dated May 5, 1988, plaintiff named only Tandy Electronics, Inc. d/b/a Radio Shack of Manchester, Connecticut, and Tandy Computer Leasing as defendants. On December 18, 1989, the court granted plaintiff's motion to cite Tandy Corp. as a defendant. Tandy Corp. was first named as a defendant in this suit in the amended complaint, which was served on January 9, 1990. According to the amended complaint, plaintiff on or about September 21, 1984 contracted with Tandy Corp. for the purchase of computer software. Plaintiff alleges that express and implied warranties were breached at that time. Defendant Tandy Corp. filed a motion to strike the fourth, fifth, and sixth counts of the amended complaint, which pertain to it, on the ground those claims are barred by Conn. Gen. Stat. 42a-2-275, the four year statute of limitations. On April 9, 1990, this court (Freed, J.) denied the motion to strike without prejudice pending a filing by the plaintiff of a response to the statute of limitations argument raised by Tandy Corp.
On May 24, 1990, in a revised reply to the affirmative defense of defendant Tandy Corp., plaintiff Null alleges the following: (1) Radio Shack, a Division of Tandy Corporation and Tandy Corporation, are not registered with the Office of Secretary of State or the Town Clerk in Manchester; (2) plaintiff was led to believe that Radio Shack of Manchester a/k/a Radio Shack, a Tandy Corporation, located at 228 Spenser Street in Manchester was a trade name of Tandy Electronics, Inc.; (3) in order to insure proper service upon Radio Shack, a Tandy Corporation a/k/a Radio Shack of Manchester, the plaintiff's sheriff served James Pinto, who held himself out to be the manager of the said store, with a writ, summons and complaint which identified the defendant as Tandy Electronics, Inc. d/b/a Radio Shack of Manchester; (4) upon receipt of that service of process on May 24, 1988 by the defendant's manager, the statute was tolled; and (5) the defendant Tandy Corp. fraudulently concealed its identify and thereby the identity of the plaintiff's cause of action by failing to register with the Secretary of State's Office or the Town Clerk in Manchester.
To constitute fraudulent concealment, "there must be a failure to disclose known facts and in addition thereto, a CT Page 49 request or an occasion or a circumstance which imposes a duty to speak." Duksa v. Middletown, 173 Conn. 124, 127 (1977) (citations omitted). Furthermore, "[i]n an action based upon fraudulent nondisclosure the plaintiff must prove not only the nondisclosure but his reliance on it." Creelman v. Ragowski,152 Conn. 382, 385 (1965). In this case, the plaintiff has alleged no facts which indicate a "request or an occasion or a circumstance" which imposed a duty on the store manager Pinto or anyone else to disclose that Tandy Corp. should have been named and served as a defendant in 1988. On the contrary, the complaint which was served on him at that time named only an affiliated company, Tandy Electronics, and in no way suggested that Pinto should tell the plaintiff about Tandy Corp. Accordingly, the plaintiff's claim of fraudulent concealment is insufficient.
The motion to strike the fourth, fifth, and sixth counts is granted.
MALONEY, J.