[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, an electrical subcontractor, entered into a written agreement to provide electrical services for and on behalf of the defendant, Progress Builders, Inc., a general contractor (hereinafter "Progress") in connection with the construction of a one-family dwelling located on Lot #6 Cables Avenue, Waterbury, Connecticut owned by the defendant Edgecliffe Lawn Development Corporation (hereinafter "Edgecliffe"). During the period the plaintiff was rendering these services (October of 1988 through June of 1989), the owner of the real property, the defendant Edgecliffe, transferred said real estate to the defendant Jane Z. Mahler on March 13, 1989. The defendant Keith S. Mahler is the husband of Jane Z. Mahler and the president and a fifty percent stockholder of both defendant corporations, Progress and Edgecliffe. The other officers, directors and stockholders of Progress and Edgecliffe are the parents of the defendant Reith S. Mahler, I. Kenneth Mahler and Barbara Mahler, both of whom are not parties to this action.
The plaintiff brings this action to recover the balance due for the services rendered pursuant to the contract with the defendant Progress and against the other defendants claiming the following: that Edgecliffe is the agent of Progress; that Keith S. Mahler intentionally and wilfully refused to permit the defendant Progress and Edgecliffe to pay the plaintiff; that defendant Jane Z. Mahler is liable to the plaintiff on a theory of unjust enrichment and fraudulent conveyance.
The defendant Progress failed to respond to a motion for "disclosure of defense" and at the outset of this trial, this court rendered judgment of default against the defendant Progress. Based on the evidence presented at trial which the court finds to be credible, the plaintiff is due from the defendant Progress the sum of $9,427.41 which represents payment for the agreed upon services as provided in the contract with the defendant Progress CT Page 1259 and those extra services provided by the plaintiff. Judgment, therefore, will issue against the defendant in the above mentioned amount.
The question in the case is whether the plaintiff has any remedy against the other defendants to wit Keith S. Mahler, Jane Z. Mahler and Edgecliffe.
I. (Keith S. Mahler)
The plaintiff alleges that the defendant Keith S. Mahler interferred with the plaintiff's contractual relations with the plaintiff and therefore should be liable to the plaintiff on the theory of fraudulent interference with that business expectancy. The plaintiff seems to rely on the allegation which appeared in Count 5 of its complaint which the defendant admitted Edgecliffe Lawn Development Corp. Transferred the real property in question to the defendant Jane Z. Mahler with the intent to prevent it from being taken by legal process and with the intent to defraud the plaintiff. Although this is an admission of fraudulent intent of the defendant Edgecliffe, it certainly is not an admission on behalf of the defendant Keith S. Mahler. The court finds no evidence that the defendant Keith S. Mahler's conduct was tortious or fraudulent. The court finds that there is no basis upon which to find that the defendant in any way intentionally or wrongfully interferred with the business expectancy of the plaintiff for which would make him liable under the theory alleged by the plaintiff within the rule as set forth in Busker v. United Illuminating Co., 156 Conn. 456, 461. Although the plaintiff has not specifically alleged or alleged facts necessary to establish a piercing of the corporate veil, the allegations in the seventh and eighth count of the complaint seem to equate Keith S. Mahler with the alter ego of the defendant's Progress and Edgecliffe. Clearly there were no facts which the court finds which would enable it to pierce the corporate veil of either Progress or Edgecliffe, to find that the corporations were mere instrumentalities of Keith S. Mahler. In order to pierce the corporate veil, the court must find that Keith S. Mahler exercised such control over Edgecliffe and/or Progress so that those corporations had "no separate mind, will or existence of its own." In addition, the court would have to find that the defendant Keith S. Mahler completely controlled the stock of the corporations and completely dominated not only their finances, but also their business practices and that the control used by the defendant Keith S. Mahler was to commit fraud or wrong, and that such dishonest or unjust acts were done in contravention of the plaintiff's rights. Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 553 (1982). The court does not find any evidence that the defendant Progress and/or Edgecliffe were the instrumentality of Keith S. Mahler or that he completely dominated and/or controlled the business CT Page 1260 practices of the defendant corporations and consequently the court will not disregard the corporate entities and/or find that the defendant Keith S. Mahler is in any way responsible individually to the plaintiff in this action.
II. (Jane Z. Mahler)
The plaintiff claims that the defendant Jane Z. Mahler is liable to the plaintiff both on theory of fraudulent conveyance and unjust enrichment. The court does not find that the transfer from Edgecliffe to the defendant Jane Z. Mahler was without adequate consideration. The defendant Jane Z. Mahler paid $91,000 for the real property in question on March 10, 1989 which was consistent with the appraised value of that land ($90,000) as submitted by the defendant's appraiser (Plaintiff's Exhibit N). The defendant Jane Z. Mahler paid $314,548.89 to the defendant Progress for the construction of the house (Exhibits BB-CC). There was no evidence presented at trial from which the court could find that the defendant Jane Z. Mahler knew or was aware that the transfer of the land to her on March 10 for which she paid $91,000 was for the purpose of defrauding the plaintiff.
Similarly, there is no basis for the plaintiff's claim of unjust enrichment against the defendant Jane Z. Mahler. "Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract." A C Corp. v. Pernaselci,2 Conn. App. 264, 265. The plaintiff has a remedy available pursuant to the contract against the defendant Progress. Even if the legal remedy were not available to the plaintiff, the plaintiff has not proved that a benefit, in this case the electrical services, were not paid for by the defendant Jane Z. Mahler, which is also an essential element to claim unjust enrichment. Supra pg. 265. Plaintiff paid $314,548.89 for the house that she purchased. There was no evidence that she did not pay for the electrical services which were provided to her by the general contractor, Progress. In any event, the ce court finds that the plaintiff has a legal remedy and that it has failed to establish its burden of proving the essential elements, necessary to sustain the cause of action in unjust enrichment, as against the defendant Jane Z. Mahler.
III. (Edgecliffe Lawn Development Corporation)
The plaintiff claims that the defendant Edgecliffe Lawn Development Corporation is liable to it on a theory that Edgecliffe was in fact the agent of Progress Builders. The plaintiff alleges in paragraph 11 of the 5th count that the defendant Edgecliffe conveyed the property in question to the defendant Jane Z. Mahler with intent to prevent it from being taken by legal process and with the intent thereby of defrauding CT Page 1261 the plaintiff. As stated above, the defendant Edgecliffe admits those allegations. The defendant Edgecliffe has admitted fraud and therefore should be responsible for the debts of Progress as alleged in the third and fourth count of the complaint. It is true that courts will disregard legal fictions, including that of a separate corporate entity, when they are used for fraudulent or illegal purposes. Kulukundis v. Dean Stores Holding Co., Inc.,132 Conn. 685, 689. The court therefore will find that the defendant Edgecliffe is liable to the plaintiff in the amount of $9,427.41. In addition, because the defendant Edgecliffe has admitted fraud, the plaintiff is entitled to punitive damages as against the defendant Edgecliffe and the court will find that in addition to the amount above stated, the defendant Edgecliffe must pay attorney's fees in the amount of $4,125.00.
Judgment therefore will enter against the defendants Progress and Edgecliffe in the amount of $9,427.41 and as against the defendant Edgecliffe only, punitive damages, in the amount of $4,125.00. Judgment will enter for the defendants Mahler and Jane Z. Mahler.
PELLEGRINO, J.