[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff here entered into a contract with the Town of Montville for the construction of water mains, etc. in the Town. The Town hired the defendant, Moffitt and Duffy, Inc. to administer and oversee the construction.
The plaintiff was allowed to make application for partial payment on a monthly basis. When defendant was reviewing partial payment request Number 4 its engineer, Mr. Duffy, discovered what he considered to be a gross overcharge based on what he considered to be an intentional under estimation of material by the plaintiff in its original bid.
He, Duffy, unilaterally reduced the request for payment and advised the Town of his action. The Town agreed that he, Mr. Duffy, was acting properly and in the Town's interest.
Within a very short time the plaintiff discovered what happened and totally rejected it. The plaintiff contacted its counsel for advice and to initiate the proper legal action. Negotiations between the parties and their counsel ultimately resulted in an addendum to the original contract. Mr. Duffy's alteration of the partial payment request was at best ill advised.
It did not however, represent a fraudulent misrepresentation upon which the plaintiff relied to its detriment. Miller v. Appleby, 183 Conn. 51 (1981), Gelinas v. Gelinas, 10 Conn. App. 167 and cert. denied, 204 Conn. 802
(1987) and thus is not fraud.
Further fraud must be proven by clear, precise and unequivocal evidence. Mr. Duffy's conduct was motivated to correct what he perceived to be an injustice, not to deceive.
The negotiation of the addendum with the advice of competent counsel for whatever reason is in this Court's opinion a waiver of any claim of impropriety. A party cannot accept the benefits of a settlement agreement and then proceed to sue. New Haven Water Co. v. Public Utilities Commission, 30 Conn. Sup. 149, 154 (1972).
Raising the claims of fraud and conspiracy after the conclusion of the arbitration is at best an after thought. This Court felt additionally that the plaintiff did not sustain its burden by clear and convincing evidence that a conspiracy existed. CT Page 2922
The same applies to the claim under CUTPA which requires a showing of fraud which has not been done here. In addition this is not a consumer claim for which CUTPA is designed, and is an isolated instance. Koehm v. Kuhn, 41 Conn. Sup. 130,139 (1989), Mead v. Burns, 199 Conn. 651, 660 (1986).
The claim of tortious interference with contract again requires the element of fraud which has not been proven.
Finally and in summation the essential element of reliance has not and cannot be shown. Creelman v. Rogowski,152 Conn. 382, 384 (1965).
DUNN, J.