STATE OF CONNECTICUT *v.* SCOTT JONES

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued March 3—decision released May 10, 1977

*Michael J. Sullivan,* special public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Edward J. Mullarkey,* assistant state's attorney, for the appellee (state).

Longo, J. The defendant was convicted by a jury of the crime of attempted robbery in the first degree while armed with a dangerous instrument, namely, a hockey stick, in violation of § 53a-49[1] and § 53a-134 (a)[2] of the General Statutes. He was sentenced to the minimum mandatory term of not less than five nor more than ten years, and has appealed from the judgment rendered on the ver-

---

[1] "[General Statutes] Sec. 53a-49. CRIMINAL ATTEMPT: SUFFICIENCY OF CONDUCT . . . . (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. . . ."

[2] "[General Statutes] Sec. 53a-134. ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to any person who is not a participant in the crime; or (2) is armed with a deadly weapon or dangerous instrument. . . ."

dict, assigning as error portions of the court's charge to the jury and the denial of his motions to dismiss and to set aside the verdict.

During the trial, the defendant, after the state had rested, moved for dismissal of the information. The court denied the motion and the defendant has assigned the denial as error. A motion to dismiss is not properly assignable as error. *State* v. *Beauton,* 170 Conn. 234, 237, 365 A.2d 1105; *State* v. *L'Heureux,* 166 Conn. 312, 324, 348 A.2d 578; *State* v. *Peay,* 165 Conn. 374, 375, 335 A.2d 296; Maltbie, Conn. App. Proc. § 212. As admitted by the state, however, the defendant's motion for a directed verdict, which was properly filed and argued at the conclusion of the evidence, raised the same basic issue as did the motion to dismiss, namely, that there was insufficient evidence to justify the finding of guilt beyond a reasonable doubt of the crime charged.

At the trial there was evidence from which the jury could reasonably have found that on April 24, 1974, three youths, Laverne Kelley, the defendant Scott Jones and his brother Leroy Jones, entered a furniture store on Congress Avenue in New Haven. One of the youths was carrying what appeared to be a portion of a hockey stick. The seventy-two-year-old owner of the store, William Handleman, was asked for a screwdriver, and when he turned to walk to the area where they were located, he was grabbed from behind by one of the three, later identified as the defendant, and while he was being held, a second youth attempted to go through his pockets. The store owner cried out for help; his eyes were closed; he was hit with the stick above the knee and felt a sting, but he was not

injured; he was thrown to the ground and he did not feel threatened or concerned because one of the three youths was carrying a portion of a hockey stick.

The defendant was identified by a nearby store owner who had seen the defendant and two others near the victim's store shortly before the incident. Further, one of the accomplices, Kelley, admitted his participation in the attempted robbery and testified at the trial that the defendant first grabbed Handleman and afterwards threw him down to the floor when he, Kelley, was unable to get into Handleman's pockets. The three youths ran out of the store and were apprehended a short time later by the police. At the trial the defendant denied that he participated in the attempted robbery.

The defendant's assignment of error to the denial of his motion for a directed verdict is essentially an attack on the sufficiency of the evidence to sustain his conviction. As we recently stated: "This court's task in reviewing the sufficiency of the evidence to sustain the verdict of a jury is to construe the evidence as favorably as possible with a view toward sustaining the verdict and then to decide whether the verdict is one which jurors acting reasonably could have reached. *State* v. *Brown,* 169 Conn. 692, 364 A.2d 186; *State* v. *Wright,* 169 Conn. 256, 257, 362 A.2d 983." *State* v. *Jeustiniano,* 172 Conn. 275, 281, 374 A.2d 209. Clearly the evidence recited above was sufficient to sustain the jury in finding that the defendant was a participant in the attempted robbery and that he was carrying a hockey stick. The defendant's principal claim is directed at the issue whether the evidence was sufficient to support a conviction for attempted first

degree robbery rather than for some lesser crime. This issue is raised by the defendant's claims that he did not cause "serious physical injury to any person who [was] not a participant in the crime," and that he was not "armed with a deadly weapon or dangerous instrument," as required by General Statutes § 53a-134. The state does not contend that serious physical injury was inflicted on anyone or that the defendant was armed with a deadly weapon, but it does argue that the evidence was sufficient to establish that the portion of a hockey stick was a dangerous instrument and that it was used in the commission of the crime. A dangerous instrument is defined by General Statutes § 53a-3 (7) as "any instrument, article or substance which, under the circumstances in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury." There was testimony by the victim that he was struck above the knee by the stick. The victim conceded that he did not feel threatened by the presence of the stick during the incident and that he was not injured by it. That the victim did not feel threatened by the stick is, under the statutory definition of first degree robbery, irrelevant, particularly since the stick was actually used. Furthermore, it is not necessary, under either the definition of first degree robbery or under the definition of a dangerous instrument, that any physical injury actually have been inflicted. It was only necessary that the stick have been "under the circumstances in which it [was] used . . . capable of causing death or serious physical injury." We cannot state as a matter of law that a hockey stick when used to hit an elderly man is not a dangerous weapon. The issue was for the jury to decide and we will not disturb their determination.

The defendant's second assignment of error raises the related issue whether the court properly charged the jury on the question whether the hockey stick constituted a dangerous instrument. The defendant's dissatisfaction with the charge is based on his claim that unless the stick was actually used as a dangerous instrument in the course of the attempted robbery, which is to say unless it was actually used in such a manner as to cause death or serious physical injury in the course of the attempted robbery, it could not be found to be a dangerous instrument. This argument disregards the terms of General Statutes § 53a-3 (7) which require only that an instrument in order to qualify as dangerous "under the *circumstances* in which it is used . . . [be] *capable* of causing death or serious physical injury." (Emphasis supplied.) The court adequately conveyed this definition, as where it instructed the jury that "[a]ny article or substance, without limitation, and even though such are harmless under normal use, may be found by you to be a dangerous instrument if, under the circumstances of its use or threatened or attempted use, it is readily capable of producing serious physical injury or death." The court also charged the jury that "you have to decide if that instrument, as it was used or threatened to be used, under the circumstances in this particular robbery, was capable of causing serious physical injury." The court's charge closely followed the actual language of the statute and emphasized its crucial aspects. Read as a whole, the charge properly and adequately conveyed the statutory requirements for a verdict of guilty of attempted first degree robbery. *State* v. *Crawford,* 172 Conn. 65, 69, 372 A.2d 154; *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn.

552, 569–70, 316 A.2d 394.  The defendant basically argues that the court ignored the way in which the hockey stick was actually used in this case. We reject this argument.  The statute requires that the actual *circumstances* in which the instrument is used be considered and, then, only to determine its potential as an instrument of death or serious physical injury.  We find that the court properly instructed the jury on the definition of a dangerous instrument.

There is no error.

In this opinion the other judges concurred.