STATE OF CONNECTICUT *v.* JOSEPH GRANT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

[1] The defendant has reprinted the counteraffidavit in its brief.

Argued December 14, 1978—decision released March 27, 1979

*Richard L. Shiffrin,* assistant public defender, for the appellant (defendant).

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellee (state).

Cotter, C. J.  The defendant has appealed, after trial by a jury, from his conviction of the crime of attempted burglary in the first degree in violation of §§ 53a-101 (a) (1)[1] and 53a-49 (a)[2] of the General

[1] "[General Statutes] Sec. 53a-101. BURGLARY IN THE FIRST DEGREE: CLASS B FELONY.  (a) A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and:  (1) He is armed with explosives or a deadly weapon or dangerous instrument . . . ."

[2] "[General Statutes] Sec. 53a-49. CRIMINAL ATTEMPT: SUFFICIENCY OF CONDUCT; RENUNCIATION AS DEFENSE.  (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he:  (1) Intentionally engages

Statutes, claiming error in the trial court's refusal to grant his motion to set aside the verdict because of the insufficiency of the evidence.

In reviewing such a claim, the evidence and the facts are to be taken in the light most favorable to sustaining the verdict, and it will be set aside only where there is insufficient evidence to warrant a finding of guilty beyond a reasonable doubt. *State* v. *Ortiz,* 169 Conn. 642, 646, 363 A.2d 1091; *State* v. *Raffone,* 161 Conn. 117, 121, 285 A.2d 323. It is clearly the province of the jury to weigh the credibility of the witnesses and to draw all fair and reasonable inferences from the facts and circumstances which the jury finds established by the evidence. *State* v. *Taylor,* 153 Conn. 72, 78, 214 A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442.

From a review of the evidence the jury could have reasonably found the following facts: On the morning of December 10, 1975, Daniel S. Cohen, the son of the owner of certain premises located in Hartford, heard a scraping noise on the second floor of the building in question and, upon investigation, encountered a man wearing a blue ski cap, later identified as Lawrence Murray, in the doorway of one of the second-floor apartments. Having been discovered, Murray fled out the rear of the building pursued by Cohen, who followed Murray in his car and observed that Murray had been joined by a companion, subsequently identified as the defendant. Cohen chased

in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. . . ."

Murray and the defendant around the block and, when the building superintendent, Samuel Loyd, arrived on the scene, Cohen called the police while Loyd continued in pursuit. The suspects were observed entering another building, and, when the police arrived, the officers were able to follow the suspects' muddy footprints to a third-floor apartment subsequently established to be Murray's residence. The police then brought Cohen and Loyd to the apartment where they identified Murray and the defendant, Grant.

The apartment door at the site of the attempted burglary was damaged, and there was evidence that it had been forced open. Fresh marks were found on the door, and wood chips were scattered on the floor. During a search of Murray's apartment following the arrest of the two suspects, the police discovered a tire iron between the mattress and box spring of a bed. Upon examination, the tire iron was found to match the indentations on the damaged door at the site of the attempted break-in.

While in the custody of the police following his arrest, the defendant, after being advised of his constitutional rights, confessed that he participated in the attempted burglary as a "lookout" at the rear of the building, but that both he and Murray had been "scared off" and nothing had been taken.

The accused, who offered no evidence at trial, contends that the evidence presented by the state failed to support a jury's verdict of guilty beyond a reasonable doubt and, thus, the court was in error in denying his motion to set aside the verdict. The defendant claims that the only direct or circumstantial evidence linking him to the alleged crime was his oral confession which was insufficient to support a verdict

of guilty beyond a reasonable doubt. The defendant does not challenge the trial court's conclusion that the confession was voluntarily made and thus properly admissible.

It is a well-settled general rule that a naked extra-judicial confession of guilt by one accused of crime is not sufficient to sustain a conviction when unsupported by any corroborative evidence. *Wong Sun* v. *United States,* 371 U.S. 471, 488–89, 83 S. Ct. 407, 9 L. Ed. 2d 441; *Smith* v. *United States,* 348 U.S. 147, 152–53, 75 S. Ct. 194, 99 L. Ed. 192; *State* v. *Tillman,* 152 Conn. 15, 202 A.2d 494; *State* v. *Doucette,* 147 Conn. 95, 157 A.2d 487; *State* v. *Skinner,* 132 Conn. 163, 43 A.2d 76; 7 Wigmore, Evidence (3d Ed.) §§ 2070–2072; annot., 45 A.L.R.2d 1316, 1320, § 4 [a]. It is similarly well established, however, that the corroboration rule requires independent evidence tending to establish the corpus delicti only; *State* v. *Doucette,* supra, 99–100; accord, *Opper* v. *United States,* 348 U.S. 84, 93, 75 S. Ct. 158, 99 L. Ed. 101; and once the existence of the crime charged is established, the confession alone may then be used to provide the link between the criminal act and the accused who admits having committed it.[3] *Wong Sun* v. *United States,* supra, 489–90 n.15; annot., 45 A.L.R.2d, supra, 1336, § 12; 30 Am. Jur. 2d, Evidence § 1137.

It is apparent from the foregoing summary of the evidence presented in the instant case that there was sufficient independent evidence from which the jury reasonably could have found that the state had proven the corpus delicti, that is, that the specific

---

[3] Under the particular facts of this case, it is unnecessary to consider the limited exception to the "corroboration rule" set forth in *Smith* v. *United States,* 348 U.S. 147, 154, 75 S. Ct. 194, 99 L. Ed. 192, relating to crimes in which there is no tangible corpus delicti.

acts embraced in the crime of attempted burglary had occurred; and this evidence, although circumstantial in nature, was nonetheless both material and substantial. See *State* v. *Tillman,* supra, 20. Thus, the defendant's confession was sufficient to justify the finding of the jury implicating the defendant as a participant in the attempted burglary.[4] Moreover, the evidence, including all the facts of the case, afforded a sufficient basis for the jury to consider the accused's unexplained flight after the crime had been committed and before his arrest as a circumstance from which an inference of his guilt might be warranted. *State* v. *Ferrara,* 176 Conn. 508, 516–17, 408 A.2d 265; *State* v. *Rosa,* 170 Conn. 417, 432–33, 365 A.2d 1135; 1 Wharton, Criminal Evidence (13th Ed. Torcia) § 143, p. 243; 2 Wigmore, Evidence (3d Ed.) § 276; McCormick, Evidence (2d Ed.) § 271 (c).

Although we conclude that sufficient evidence was presented to implicate the defendant in the attempted break-in, we agree that the state failed to prove the element of a "dangerous instrument" necessary to support a conviction for attempted burglary in the first degree in the manner alleged by the state. General Statutes § 53a-3 (7) defines "dangerous instrument" as "any instrument, article

---

[4] The state did not seek to establish that the defendant personally and physically attempted to gain entry into the apartment in question. Rather, it was the state's claim, and the jury was properly instructed, that the defendant could be prosecuted and punished as a principal offender if the requirements for accessorial liability as defined by § 53a-8 of the General Statutes were established.

Consequently, our determination that the defendant's confession provided the jury with sufficient evidence with which to link him to the crime necessarily embraces a conclusion that this evidence supplied the requisite criminality of intent and community of unlawful purpose for accessorial liability. See *State* v. *Teart,* 170 Conn. 332, 336, 365 A.2d 1200.

or substance which, under the circumstances in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury." Although it is not necessary under this definition that any physical injury actually have been inflicted; *State v. Jones,* 173 Conn. 91, 95, 376 A.2d 1077; it is necessary that *"under the circumstances in which [the instrument was] used or attempted or threatened to be used,"* it was "capable of causing death or serious physical injury." (Emphasis added.)

The evidence in the present case tended to establish that, at most, the "tire iron" was used for the purpose of breaking into an apartment. There was no evidence, and, indeed, there was no claim by the state, that any of the participants in the attempted break-in used, threatened the use of, or attempted to use this object under circumstances capable of inflicting injury upon another.[5] Under these circumstances, we conclude that there was insufficient evidence before the jury to sustain a conviction for attempted burglary in the first degree. See *State v. Jones,* supra; *People v. Rumaner,* 45 App. Div. 2d 290, 292, 357 N.Y.S.2d 735.

From the foregoing discussion, it is clear that there was a lack of proof only as to the element of a "dangerous instrument," which component serves

---

[5] The state's assertion that a tire iron is *potentially* an instrument of death or serious physical injury cannot, by itself, be the basis for a conclusion that the statutory definition had been satisfied. As we explained in *State v. Jones,* 173 Conn. 91, 97, 376 A.2d 1077, "[t]he statute requires that the actual *circumstances* in which the instrument is used be considered and, then, only to determine its potential as an instrument of death or serious physical injury." The object's potential for injury, therefore, must be examined only in conjunction with the circumstances in which it is actually used or threatened to be used, and not merely viewed in terms of its dangerous capabilities in the abstract.

as the basis for elevating the crime of burglary to the first degree. Absent that ingredient, however, there was nonetheless sufficient evidence to sustain a conviction for the lesser included offense of attempted burglary in the third degree.[6] As a lesser included offense, burglary in the third degree does not require proof of any element which is not required to commit the greater offense of burglary in the first degree. See *State* v. *Harden*, 175 Conn. 315, 323, 398 A.2d 1169; *State* v. *Neve*, 174 Conn. 142, 145, 384 A.2d 332; *State* v. *Ruiz*, 171 Conn. 264, 272, 368 A.2d 222; *State* v. *Brown*, 163 Conn. 52, 61–62, 301 A.2d 547. Manifestly, the jury's verdict in the present case necessarily presupposes a threshold determination that all the elements of attempted burglary in the third degree had been proven beyond a reasonable doubt.

In this context, although this court is without discretionary power to alter a sentence lawfully imposed; *State* v. *Sober*, 166 Conn. 81, 95, 347 A.2d 61; *State* v. *Mendill*, 141 Conn. 360, 363, 106 A.2d 178; we may order the modification of an erroneous judgment where the evidence is insufficient to support an element of the offense stated in the verdict but where the evidence presented is sufficient to sustain a conviction for a lesser included offense. Such a procedure has been followed by state appellate courts in regard to a variety of offenses. See, e.g., *Dinwiddie* v. *State*, 202 Ark. 562, 151 S.W.2d 93; *People* v. *Mendes*, 35 Cal. 2d 537, 219 P.2d 1;

---

[6] "[General Statutes] Sec. 53a-103. BURGLARY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

The court, in the present case, instructed the jury regarding the elements of burglary in the third degree. The defendant raises no claim of error as to this or any other portion of the charge.

*State* v. *Braley,* 224 Or. 1, 355 P.2d 467; *Forsha* v. *State,* 183 Tenn. 604, 194 S.W.2d 463 (reducing first degree murder to second degree murder where the evidence failed to establish premeditation or deliberation); *People* v. *Gaither,* 173 Cal. App. 2d 662, 343 P.2d 799, cert. denied, 362 U.S. 991, 80 S. Ct. 1082, 4 L. Ed. 2d 1023 (administration of poison reduced to attempt to administer); *Ritchie* v. *State,* 243 Ind. 614, 189 N.E.2d 575 (rape reduced to assault with intent); *People* v. *Monaco,* 14 N.Y.2d 43, 197 N.E.2d 532 (second degree murder reduced to first degree manslaughter). Likewise, under similar circumstances, federal appellate courts have exercised their authority to modify criminal judgments so as to reduce a conviction to that of a lesser included offense. See *Austin* v. *United States,* 382 F.2d 129, 142 (D.C. Cir.) (first degree murder reduced to second degree murder); *United States* v. *Perkins,* 498 F.2d 1054, 1059 (D.C. Cir.) (second degree murder reduced to manslaughter); *United States* v. *Swiderski,* 548 F.2d 445, 452 (2d Cir.) (possession with intent to distribute reduced to simple possession); *DeMarrias* v. *United States,* 453 F.2d 211, 215 (8th Cir.) (second degree murder reduced to manslaughter); cf. *United States* v. *Mancusi,* 457 F.2d 463, 468 (2d Cir.); *United States* v. *Cobb,* 558 F.2d 486, 489 (8th Cir.).

While we recognize that "[t]his power should be exercised only when it is clear that no undue prejudice will result to the accused"; *Austin* v. *United States,* supra, 142; we can perceive no such possible prejudice in the present case. The defendant has had a fair adjudication of guilt on all the elements of the crime of attempted burglary in the third degree. Since attempted burglary in the third degree is a lesser included offense of the crime

charged, and the jury, under the circumstances of this case, could have explicitly returned such a verdict, the defendant was aware of his potential liability for this crime.

Accordingly, the case is remanded for the modification of the judgment in accordance with this opinion and for resentencing on the lesser included offense of attempted burglary in the third degree.

In this opinion the other judges concurred.