STATE OF CONNECTICUT *v.* MARY ANN SARACINO

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 8—decision released July 17, 1979

---

*Ellen S. Bodenheimer,* with whom, on the brief, was *Allan S. Mall,* for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne, state's attorney and Domenick J. Galluzzo* and *Jonathan C. Benedict,* assistant state's attorneys, for the appellee (state).

PER CURIAM. After a jury trial, the defendant was convicted, as charged, of the crime of larceny in the first degree by receiving stolen property in violation of General Statutes §§ 53a-119 (8) and 53a-122 (a) (2). Upon the trial court's denial of her motions for arrest of judgment and to set aside the verdict, the defendant has appealed. The determinative issue presented in this appeal is whether the evidence was sufficient to sustain a conviction for first degree larceny.

Viewing the evidence in the light most favorable to sustaining the verdict, the following facts could have been found by the jury: Allan Hall, a codefendant at trial who testified for the state, was employed as a stock clerk at Kiddytown, a Norwalk toy store, from November, 1975, to October, 1976. In June of 1976, Hall spoke with the defendant at her Norwalk store, The Rhythm Shack, concerning his stealing bicycles and toys from Kiddytown and "fencing" the stolen goods through the defendant; and, subsequently, he made a total of six deliveries of Kiddytown merchandise to the garage of the defendant's

residence. According to his recollection, Hall received a total of $400 to $500, which was half or less than half of what the stolen goods were worth.

Sherilyn Lasper, another codefendant at trial who testified for the state, was, in June of 1976, the defendant's roommate and business partner. In the summer of 1976, Lasper overheard the defendant and Hall discussing getting pool supplies from Kiddytown for the defendant's father, and thereafter observed Hall making a delivery of Kiddytown merchandise to the defendant's garage. Lasper observed a variety of merchandise from Kiddytown located in the defendant's garage; she saw the defendant make several payments of money to Hall; and, in August, she witnessed the defendant receiving a payment of $500 from another codefendant at the Rhythm Shack store. Following the discovery of the scheme, the defendant threatened Lasper and forced her to sign a statement exculpating the defendant.

In October of 1976, at the defendant's request, the merchandise in her garage was removed and transported elsewhere.

In that same month, the manager of Kiddytown, on learning of a possible theft, conducted a warehouse inventory of his merchandise which indicated that the total value of the inventory missing from his warehouse was $12,588.13. The average inventory "shrinkage" per year before 1976 had been approximately $1000, and there had been no indication of any thefts prior to the time Allan Hall had begun working at the store.

No stolen merchandise was introduced into evidence—apparently, no Kiddytown property was ever recovered.

On the basis of the foregoing facts, the defendant claims that the evidence was insufficient to justify a verdict of guilty of larceny in the first degree beyond a reasonable doubt. "When a jury verdict is challenged on the ground that the evidence is insufficient to sustain the verdict, the issue is whether the jury could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt. *State* v. *Jones,* 173 Conn. 91, 376 A.2d 1077; *State* v. *Chetcuti,* 173 Conn. 165, 172, 377 A.2d 263." *State* v. *Jackson,* 176 Conn. 257, 262, 407 A.2d 948. Each essential element of the crime charged must be established by such proof; id.; and although it is within the province of the jury to draw reasonable, logical inferences from the facts proven, they may not resort to speculation and conjecture. *State* v. *McGinnis,* 158 Conn. 124, 130, 256 A.2d 241.

From the direct and circumstantial evidence before the jury in the present case, they could have reasonably concluded that the state had satisfied its burden of proving the defendant's commission of the crime of larceny by receiving stolen property as defined by General Statutes § 53a-119 (8). Since the defendant was charged under General Statutes § 53a-122 (a) (2), however, it was also incumbent upon the state to present sufficient evidence to justify a finding by the jury that the value of the property received by the defendant exceeded $2000. Under the circumstances, we must agree with the defendant that the state failed to sustain its burden as to the element of value in the present case.

Accepting the testimony of the witness Allan Hall, the jury could have found that a total of six deliv-

eries of stolen merchandise was made to the defendant's address, and that the payment to him of $400 or $500 represented half or less than half of the retail value of the goods. Although an inventory survey performed by the manager of Kiddytown revealed that merchandise valued at over $12,000 was missing from the store, the state failed to establish facts sufficient to justify an inference by the jury that this $12,000 worth of allegedly stolen merchandise was in fact knowingly received by the defendant. "[I]nferences which do not have a basis in facts established by the evidence cannot be drawn or relied upon to sustain a verdict." *State* v. *Jackson,* supra, 264.

From the foregoing, it is clear that there was insufficient evidence to support a conviction for receiving stolen property the value of which exceeds $2000 pursuant to § 53a-122 (a) (2). As we have said however, notwithstanding the element of value, it is equally clear that the jury could have found, as they in fact did, that sufficient evidence was presented to justify a determination that the defendant committed the crime of larceny by receiving stolen property as defined in General Statutes § 53a-119 (8).

Since the state failed to sustain its burden of proving that the defendant had received stolen property the value of which exceeded $2000, and since the jury's determination of value could have been based solely upon the testimony of the store manager which, we have held, was insufficient to establish the worth of the goods actually received by the defendant, we must presume that the value of the merchandise could not be satisfactorily ascertained by the triers of fact. In that case, however, the property's value is deemed by law to be an amount less than

fifty dollars; General Statutes § 53a-121 (a) (3)[1]; so as to support a conviction for larceny in the fourth degree. See General Statutes § 53a-125.[2]

In the present case, the trial court instructed the jury, inter alia, as requested by the defendant, regarding the elements of the lesser included crime of larceny in the fourth degree. The defendant does not claim error as to any portion of the charge. Consequently, the jury's verdict in the present case includes a determination, based upon sufficient evidence, that all the elements of the lesser included crime of larceny in the fourth degree had been proven beyond a reasonable doubt. Since the jury could have explicitly returned such a verdict, the defendant was aware of her potential liability for this crime and would not now be prejudiced by modification of the judgment rendered on the verdict consistent with the above. See *State* v. *Grant,* 177 Conn. 140, 146–47, 411 A.2d 917.

Accordingly, the case is remanded for the modification of the judgment in accordance with this opinion and for resentencing on the lesser included offense of larceny in the fourth degree.

---

[1] "[General Statutes] Sec. 53a-121. VALUE OF PROPERTY OR SERVICES. (a) For the purposes of this part, the value of property or services shall be ascertained as follows: . . . (3) When the value of property or services cannot be satisfactorily ascertained pursuant to the standards set forth in this section, its value shall be deemed to be an amount less than fifty dollars."

[2] "[General Statutes] Sec. 53a-125. LARCENY IN THE FOURTH DEGREE: CLASS C MISDEMEANOR. (a) A person is guilty of larceny in the fourth degree when the value of the property or services is fifty dollars or less."