After a jury trial, the defendant was found guilty of public indecency, in violation of General Statutes 53a-186 (a)(2). The defendant has appealed *Page 314 
from the judgment rendered challenging the sufficiency of the evidence, the admissibility of certain evidence and the legality of his arrest.
The jury could reasonably have found the following facts: At approximately 1:30 on the afternoon of March 5, 1980, the complainant went to visit her mother at an apartment located on Michael Road in New London. After alighting from her vehicle, she heard a loud knocking and observed the defendant standing in the window of his apartment, which was about seven feet above ground level. The day was sunny and clear and her view was unobstructed and unaffected by any glare. The defendant, naked and visible from the knees up, was holding his penis and smiling. The complainant went to her mother's apartment in the same building and called her husband, an off-duty New London police officer. After alerting police headquarters, the complainant's husband immediately went to Michael Road where he met his wife. The two went to the defendant's apartment and knocked on the door. When the defendant opened it, the complainant identified him as the man who had stood in the window. The complainant's husband then identified himself to the defendant by displaying his badge. He was allowed to enter the apartment, where he used the telephone to confirm that the police were responding. The arresting officer arrived shortly thereafter, and met the off-duty officer and his wife outside the defendant's apartment. The complainant again identified the defendant, this time through the defendant's partially open door. The arresting officer then entered the apartment and placed the defendant under arrest.
 I
To convict an accused of a crime charged, the state must establish, beyond a reasonable doubt, each essential element of the crime. State v. Saracino,178 Conn. 416, 419, 423 A.2d 102 (1979). General Statutes *Page 315 53a-186 (a)(2) provides that "[a] person who performs any of the following acts in a public place is guilty of public indecency: . . .(2) a lewd exposure of the body with the intent to arouse or to satisfy the sexual desire of the person." (Emphasis added.) The defendant contends that no evidence was adduced at trial to show that the window in which the defendant was standing was a "public place," as required by statute. For purposes of 53a-186 (a), a "public place" is defined as "any place where the conduct may reasonably be expected to be viewed by others." In assessing whether the state maintained its burden of proof as to this element, the jury was authorized to draw reasonable, logical inferences from the facts proven. State v. Saracino, supra, 419. We conclude that the jury had before it sufficient evidence from which it could conclude that the defendant's apartment window was a place where the defendant's conduct could reasonably be expected to be viewed by others.
The defendant also avers that the state introduced insufficient evidence to prove that the defendant had the requisite intent "to arouse or to satisfy [his] sexual desire . . . ." Intent is a mental process which ordinarily may be proven only by circumstantial evidence. State v. Just,185 Conn. 339, 355, 441 A.2d 98 (1981). The intent of the actor is a question for the trier of fact, and the conclusions of a jury must stand unless they are unreasonable. Ibid. Here, the jury could reasonably and logically have inferred the requisite intent from the defendant's lack of attire, as well as from his knocking on the window, and his posture and facial expression.
The court has repeatedly stated the test by which to determine whether evidence is sufficient to sustain a verdict. The standard is whether the jury could reasonably have concluded, from the facts established and inferences drawn, that the cumulative effect of the evidence was sufficient to justify a *Page 316 
verdict of guilty beyond a reasonable doubt. State v. Smith, 185 Conn. 63, 71, 441 A.2d 84 (1981). In applying this test, we must construe the evidence adduced at trial in a light most favorable to the jury's verdict. Ibid. After doing so, we conclude that the evidence in this case was sufficient to establish the defendant's guilt beyond a reasonable doubt.
 II
The defendant also claims as error the trial court's admission of testimony that the defendant had committed a virtually identical act in the presence of the complainant in December of 1979. He objects to the admission of the prior incident as both remote and prejudicial. A determination that remoteness justifies the exclusion of evidence proceeds from a consideration of several factors, including the interval of time between events, the character of evidence and any surrounding circumstances the court deems pertinent to a resolution of the matter in contention. Steiber v. Bridgeport, 145 Conn. 363, 366.67, 143 A.2d 434 (1958); Holden Daly, Connecticut Evidence 67(d). Where, as here, the prior episode transpired only three months before the one in issue, it cannot be considered remote in time. Moreover, the courts have previously approved the admission of evidence of prior similar acts to show identity, intent and a common scheme embracing the commission of two or more crimes so related that proof of one tends to establish the other. State v. Barnes, 132 Conn. 370,372, 44 A.2d 708 (1945); State v. Simborski,120 Conn. 624, 631, 182 A. 221 (1936); State v. Chapman, 103 Conn. 453, 481, 130 A. 899 (1925). Such evidence is admissible if the trial judge determines that its probative value outweighs its prejudicial effect. State v. Moye, 177 Conn. 487,508, 418 A.2d 870, vacated, 444 U.S. 893,100 S.Ct. 199, 62 L.Ed.2d 129, on remand, 179 Conn. 761,409 A.2d 149 (1979); State v. Barlow, 177 Conn. 391,392-94, 418 A.2d 46 (1979). We find that the trial court did not abuse its discretion in permitting testimony as to the December, 1979 incident. *Page 317 
 III
The defendant next avers that the in-court identification of him by the complainant was the product of an illegal search and seizure and that the trial court should therefore have excluded the identification. Specifically, the defendant contends that because the police made an illegal warrantless entry into his apartment, any identification resulting from that entry should have been inadmissible as "fruit of the poisonous tree."
We conclude, however, that the officer's entry into the apartment was lawful and in full compliance with General Statutes 54-1f (a) (Rev. to 1979), which provides: "Peace officers . . . shall arrest, without previous complaint and warrant, any person . . . when . . . taken or apprehended . . . on the speedy information of others." (Emphasis added.) The police were authorized to arrest on the speedy information of others. Clearly, this arrest, made in forty minutes or less, was made on the speedy information of others. A properly conducted search incidental to a lawful arrest is not illegal, even though it is made without a warrant. State v. Adinolfi, 157 Conn. 222, 226, 253 A.2d 34 (1968).
The trial court followed proper procedure by holding a preliminary hearing, in the absence of the jury, to determine whether the proffered in-court identification resulted from an unconstitutional search. Having decided after such a hearing that the evidence was admissible, the court allowed the in court identification before the jury. State v. Duffen, 160 Conn. 77, 82,273 A.2d 863 (1970). We conclude that the in-court identification was properly admitted.
 IV
Finally, the defendant claims that the court erred by not granting his motion to dismiss on the basis of an illegal arrest. He relies on the decision of the *Page 318 
United States Supreme Court in Payton v. New York,445 U.S. 573, 589-90, 100 S.Ct. 1371,63 L.Ed.2d 639 (1980), in which the Court held that even where the police have probable cause to make an arrest for a felony, absent exigent circumstances they may not forcibly enter a person's home to effectuate that arrest without a warrant. This arrest occurred on March 5, 1980; the decision in Payton was released on April 15, 1980. The defendant is not entitled to the benefit of any new rule established by the decision. State v. Anonymous (1981.1), 37 Conn. Sup. 755, 761, 436 A.2d 789 (1981).
 We find no error.
In this opinion BIELUCH and COVELLO, Js., concurred.