STATE OF CONNECTICUT *v.* JOHN BOSSE
(AC 26873)

Flynn, C. J., and McLachlan and McDonald, Js.

Argued November 30, 2006—officially released February 27, 2007

*Christopher Y. Duby*, special public defender, for the appellant (defendant).

*Timothy F. Costello*, special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Louis J. Luba, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, John Bosse, appeals from the judgment of conviction, rendered after a jury trial, of assault in the second degree in violation of General Statutes § 53a-60 (a) (2) and assault of a peace officer in violation of General Statutes § 53a-167c (a) (1).[1] On appeal, the defendant claims that the trial court improperly denied his motions for a judgment of acquittal and for a new trial because the evidence did not support a jury finding that the metal chair used in the assault was a dangerous instrument. We affirm the judgment of the trial court.

On the basis of the evidence presented at trial, the jury reasonably could have found the following facts. On May 9, 2001, the defendant was held for arraignment on an unrelated matter in the holding area of the Bristol courthouse. Because of threats from other prisoners, the defendant was not held in the group cell in the holding area. Instead, he was handcuffed to a metal chair outside of the cells in a corridor approximately four feet wide. The defendant's right wrist was handcuffed to the arm of the chair, and he wore leg irons

---

[1] The defendant's claims on appeal pertain only to his conviction for assault in the second degree. General Statutes § 53a-60 (a) provides in relevant part: "A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument other than by means of the discharge of a firearm . . . ."

on his ankles that were not connected to the chair. The chair was not secured to the floor.

The victim, judicial marshal Kevin Kelly, was providing security within the holding area. After incitement from prisoners in the adjacent cell, the defendant picked up the metal chair. The defendant held the chair by the arms in front of himself with the legs pointed forward and briskly walked toward Kelly, striking him with the chair. Kelly blocked the chair with his left arm and deflected the chair downward. The chair struck Kelly in his ribs, right hand and shin. The force of the impact drove Kelly, a 245 pound man, against the wall of the holding area. Other judicial marshals then responded and subdued the defendant. Following the attack, Kelly was treated at Bristol Hospital for his injuries. He received pain relief medication for a pulled muscle in his buttocks. His right thumb was stabilized with a splint. Kelly also had an abrasion on his shin. Subsequently, Kelly was diagnosed with an injury to his right wrist.

The jury found the defendant guilty of both counts, assault in the second degree and assault of a peace officer, and the court sentenced the defendant to a total effective term of fifteen years in prison. This appeal followed.

The defendant claims that the court improperly denied his motions for a judgment of acquittal and for a new trial, and he essentially attacks the sufficiency of the evidence to sustain his conviction. See *State* v. *Jones*, 173 Conn. 91, 94, 376 A.2d 1077 (1977). Our standard of review is well settled: "[An appellate] court's task in reviewing the sufficiency of the evidence to sustain the verdict of a jury is to construe the evidence as favorably as possible with a view toward sus-

taining the verdict and then to decide whether the verdict is one which jurors acting reasonably could have reached." (Internal quotation marks omitted.) Id.

To prove the defendant guilty of assault in the second degree, the state was required to prove beyond a reasonable doubt that "(1) the defendant intended to cause physical injury to another person, (2) he did in fact cause injury to such person and (3) he did so by means of a dangerous instrument. General Statutes § 53a-60 (a) (2)." *State* v. *Brooks*, 88 Conn. App. 204, 213, 868 A.2d 778, cert. denied, 273 Conn. 933, 873 A.2d 1001 (2005). A dangerous instrument is defined by General Statutes § 53a-3 (7) as "any instrument, article or substance which, under the circumstances in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury . . . ." In this case, the jury was so instructed.

Section 53a-3 (7) requires that the circumstances in which the instrument is used be considered to determine its *potential* as an instrument of death or serious physical injury, but the instrument need not actually cause death or serious physical injury. *State* v. *Jones*, supra, 173 Conn. 97. "Serious physical injury is not itself . . . an essential element of the crime charged. It is but a definitional component of an essential element."[2] (Internal quotation marks omitted.) *State* v. *Johnston*, 17 Conn. App. 226, 228, 551 A.2d 1264 (1988), cert. denied, 210 Conn. 810, 556 A.2d 609 (1989).

Our Supreme Court in *State* v. *Jones*, supra, 173 Conn. 95 held: "We cannot state as a matter of law that a hockey stick when used to hit an elderly man is not a dangerous instrument. The issue was for the jury to

---

[2] Infliction of physical injury, not serious physical injury, is a necessary element of assault in the second degree under General Statutes § 53a-60 (a) (2). The defendant does not dispute, on appeal, the jury's finding that the victim suffered physical injury.

decide and we will not disturb [its] determination." Similarly, here, we cannot state as a matter of law that a metal chair, when used to strike a man with enough force to pin him against a wall in a confined space, is not a dangerous weapon. The evidence was sufficient to sustain the jury finding that the metal chair was a dangerous instrument, as the jury was instructed. Testimony indicated that the defendant held the chair with the legs pointed toward the victim and struck him while walking at a brisk pace. The force of the chair was sufficient to push the victim, a 245 pound man, against the wall. The jury reasonably could have found that the chair was a dangerous instrument because it could have caused death or serious physical injury when used in this way. Accordingly, we conclude that the court did not improperly deny the defendant's motions for a judgment of acquittal and for a new trial.

The judgment is affirmed.