******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID HAYWOOD *v.* COMMISSIONER
OF CORRECTION
(AC 35519)

Gruendel, Lavine and Flynn, Js.

*Argued September 15—officially released November 11, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Michael Zariphes*, assigned counsel, for the appellant (petitioner).

*Timothy J. Sugrue*, assistant state's attorney, with
whom, on the brief, were *Stephen J. Sedensky III*, state's
attorney, and *Jo Anne Sulik*, supervisory assistant
state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, J. The petitioner, David Haywood, appeals from the judgment of the habeas court denying his third amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he failed to prove that his trial counsel and appellate counsel were ineffective. The petitioner argues that his trial counsel provided ineffective assistance by (1) eliciting damaging testimony from the state's witnesses, (2) failing to object to the prosecutor's closing argument, (3) conceding to the jury that an attempted robbery had occurred, and (4) failing to request a jury charge on criminal attempt. Additionally, the petitioner argues that his appellate counsel provided ineffective assistance by failing to (1) discuss meaningfully the issue of judgment modification in his appellate brief, (2) file a reply brief to address the state's position, and (3) file a motion for reconsideration.[1] We conclude that the habeas court properly decided that the petitioner failed to prove that his trial counsel or appellate counsel were ineffective. Accordingly, we affirm the judgment of the habeas court.

The following facts and procedural history are relevant to this appeal. On May 18, 2004, the petitioner was convicted of felony murder in violation of General Statutes § 53a-54c, conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a), and robbery in the first degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-134 (a). The trial court sentenced him to a total effective sentence of seventy-seven years imprisonment. The petitioner appealed the judgment of conviction to this court. See *State* v. *Haywood*, 109 Conn. App. 460, 461–62, 952 A.2d 84, cert. denied, 289 Conn. 928, 958 A.2d 161 (2008). This court reversed the conviction of conspiracy to commit robbery in the first degree and remanded the case for a new trial on that charge. Id., 477. This court also reversed the conviction of robbery in the first degree as an accessory and remanded the case with direction to modify the judgment to reflect a conviction of attempt to commit robbery in the first degree as an accessory. Id. The judgment was affirmed in all other respects. Id. Upon remand, the state entered a nolle prosequi to the charge of conspiracy to commit robbery and the trial court resentenced the petitioner to the same total effective sentence of seventy-seven years imprisonment for the felony murder conviction and the modified conviction of attempt to commit robbery in the first degree as an accessory.

On November 7, 2011, the petitioner filed his third amended petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel and ineffective assistance of appellate counsel.[2] The habeas court conducted a trial on June 4, 2012, and denied the petitioner's amended petition for a writ of habeas corpus in a writ-

ten decision on February 5, 2013. The court granted the petitioner's petition for certification to appeal.

We now turn to the appropriate standard of review for a challenge to a denial of a petition for a writ of habeas corpus when certification to appeal is granted. The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. *Correia* v. *Rowland*, 263 Conn. 453, 462, 820 A.2d 1009 (2003). The conclusions reached by the habeas court in its decision to dismiss a habeas petition are matters of law, subject to plenary review. *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008).

I

We first address the petitioner's claim that the habeas court improperly concluded that he failed to prove that his trial counsel, Attorney Paul D. Eschuk, was ineffective. The petitioner argues that Eschuk provided ineffective assistance by (1) eliciting damaging testimony from the state's witnesses, (2) failing to object to the prosecutor's closing argument, (3) conceding to the jury that an attempted robbery had occurred, and (4) failing to request a jury charge on criminal attempt. We reject all of the petitioner's claims.

"To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . It is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 712–13, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

A

The petitioner first claims that Eschuk provided ineffective assistance by eliciting damaging testimony from the state's witnesses. The petitioner argues that Eschuk was ineffective in eliciting testimony from Detectives Tom Murphy and James Wright that the petitioner was in possession of $390 when he was arrested. The petitioner contends that Eschuk "was ineffective when he

elicited testimony at trial that suggested to the jury that the petitioner committed the robbery when the state failed to do so itself."

The habeas court found that "[a] review of the trial transcripts does not bear out the petitioner's claim." Murphy first testified on direct examination by the state that $390 was found in the petitioner's possession when he was arrested. Subsequently, on cross-examination by Eschuk, both Murphy and Wright testified as to the $390 found on the petitioner.[3] The habeas court found that "[t]his testimony reveals that it was the state that first raised the issue of the petitioner possessing cash when arrested and does not support the petitioner's claim that Attorney Eschuk suggested that the petitioner committed the robbery."

The habeas court also found that Eschuk "strove to explain the reason the petitioner had cash on him when he was arrested . . . ." During the defense's case-in-chief, Eschuk presented evidence that would permit the jury to infer that at least some of the $390 in the petitioner's possession came from a lawful source and not from the robbery. Eschuk elicited testimony from an employee at the Connecticut Department of Labor Unemployment Technical Unit that an unemployment check had been mailed to the petitioner two days before the robbery occurred.

We agree with the habeas court's conclusion that the petitioner failed to prove that Eschuk was ineffective in eliciting testimony about the $390 from Murphy and Wright. The record demonstrates that the state first brought out the evidence of the $390 found on the petitioner. The record also demonstrates that Eschuk presented evidence of the petitioner's unemployment compensation to counter a possible inference, which the state invited, that the petitioner acquired the $390 through a share of the cash proceeds of the robbery. We conclude that the habeas court properly found that Eschuk did not provide ineffective assistance by eliciting testimony about evidence that had already been presented to the jury and for which he offered an explanation consistent with innocence, namely, that the petitioner had a lawful source of funds unconnected with the robbery.

B

The petitioner next claims that Eschuk provided ineffective assistance by failing to object to the prosecutor's closing argument. During the state's closing argument, the prosecutor suggested to the jury that the $390 found on the petitioner when he was arrested came from William Brown, the victim of both the attempted robbery and the murder. During his closing argument, Eschuk argued to the jury that there was no evidence of a larceny. Ultimately, this court agreed with Eschuk on direct appeal that there was insufficient evidence to

support a conviction for robbery. See *State* v. *Haywood*, supra, 109 Conn. App. 465. Eschuk also emphasized that the state had not offered any money into evidence as stolen property taken during the robbery. In this habeas appeal, the petitioner argues that Eschuk was ineffective in failing to object to the prosecutor's suggestion on the ground that the prosecutor's statement assumed facts not in evidence. The petitioner also argues that Eschuk was ineffective in failing to ask the trial court to issue a curative instruction or to admonish the prosecutor.

The habeas court found that Eschuk's decision to address the issue of the $390 in his own closing argument, rather than object to the prosecutor's closing argument, was "one of sound trial strategy." In reviewing ineffective assistance of counsel claims, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Bryant* v. *Commissioner of Correction*, 290 Conn. 502, 512–13, 964 A.2d 1186, cert. denied sub nom. *Murphy* v. *Bryant*, 558 U.S. 938, 130 S. Ct. 259, 175 L. Ed. 2d 242 (2009). We agree with the habeas court's conclusion that Eschuk's decision not to object to the prosecutor's closing argument, and instead to argue that the jury could infer that the petitioner's $390 came from his unemployment compensation rather than the robbery, was one of sound trial strategy. See *Servello* v. *Commissioner of Correction*, 95 Conn. App. 753, 761, 899 A.2d 636 ("the decision of a trial lawyer not to make an objection is a matter of trial tactics, not evidence of incompetency" [internal quotation marks omitted]), cert. denied, 280 Conn. 904, 907 A.2d 91 (2006).

C

The petitioner also claims that Eschuk provided ineffective assistance by conceding to the jury that an attempted robbery had occurred. In his closing argument at the petitioner's criminal trial, Eschuk stated: "There was an attempted robbery. I don't think there's any doubt about that." The petitioner argues that, in making these statements, Eschuk conceded the petitioner's guilt to the jury.

The habeas court rejected this claim and offered the following explanation for its decision: "Trial counsel's defense theory was that the petitioner was not a participant. . . . Trial counsel never denied that a robbery or attempted robbery occurred because a denial was not necessary to the petitioner's defense that he did not participate in the offense. Attorney Eschuk's acknowledgment that an attempted robbery occurred

by others did not undermine his defense theory that the petitioner was not a participant." The record demonstrates that the state presented compelling evidence that an attempted robbery had occurred. Rather than dispute the occurrence of the attempted robbery, Eschuk argued to the jury that the petitioner had not participated in it. Eschuk's acknowledgment that an attempted robbery had occurred was consistent with the nonparticipation defense he presented to the jury and did not prejudice the petitioner. We agree with the habeas court's reasoning and its conclusion that the petitioner failed to prove that Eschuk was ineffective in acknowledging that an attempted robbery had occurred, while at the same time emphasizing the petitioner's nonparticipation.

D

The petitioner's final ineffective assistance of trial counsel claim is that Eschuk was ineffective in failing to request a jury charge on criminal attempt. During the petitioner's criminal trial, the state requested a standard jury charge on criminal attempt because felony murder may be predicated on either a completed felony or an attempted felony. Eschuk did not join the state's request or object to it. The trial court denied the state's request. The petitioner argues that "had the jury ultimately believed that the petitioner was a participant in the crime (of which their verdict shows that they did), then Attorney Eschuk's error [in failing to request a jury charge on criminal attempt] permitted the jurors to rely upon their own understanding of criminal attempt in order to decide the petitioner's fate as to the felony murder charge." We are not persuaded.

On direct appeal, this court addressed the petitioner's claim that a jury charge should have been given on criminal attempt. See *State* v. *Haywood*, supra, 109 Conn. App. 467–72. This court concluded that "because attempt to commit robbery was a predicate crime to the charge of felony murder, and the court specifically told the jury that it could find the [petitioner] guilty of felony murder on the basis of an attempted robbery, the state's request for an instruction on the statutory elements of attempt should have been granted." Id., 471. Nevertheless, this court further concluded: "[T]he omission of an instruction on the statutory elements of attempt was harmless beyond a reasonable doubt because the jury could not have found the [petitioner] guilty of robbery in the first degree as an accessory as charged in the third count without necessarily finding that his conduct amounted to being an accessory to an attempt to commit robbery. Because the jurors could not have believed that the [petitioner] completed the crime of robbery [as an accessory] without undertaking a substantial step in furtherance of it . . . the jury had to have determined beyond a reasonable doubt that the [petitioner] attempted to commit robbery [as an

accessory]." (Citation omitted.) Id., 471–72; see also *Small* v. *Commissioner of Correction*, supra, 286 Conn. 727–31 (finding that trial court's failure to instruct jury on criminal attempt was harmless where, given verdict, jury must have found elements of attempt).

This court has decided on direct appeal that, in this case, the omission of a jury charge on criminal attempt was harmless error. *State* v. *Haywood*, supra, 109 Conn. App. 472. Furthermore, a request for a jury charge on criminal attempt would have undermined the petitioner's nonparticipation defense. As such, the petitioner's claim fails because he cannot prove prejudice. The petitioner cannot show that, but for Eschuk's failure to request a jury charge on criminal attempt, the result of his criminal trial would have been different.

## II

We now address the petitioner's claim that the habeas court improperly concluded that he failed to prove that his appellate counsel, Attorney Glenn W. Falk, was ineffective.[4] The petitioner argues that Falk provided ineffective assistance by failing to (1) discuss meaningfully the issue of judgment modification in his appellate brief, (2) file a reply brief to address the state's position, and (3) file a motion for reconsideration. We reject all of the petitioner's claims.

To succeed on an ineffective assistance of appellate counsel claim, the petitioner must satisfy both the performance prong and the prejudice prong of *Strickland*. See *Small* v. *Commissioner of Correction*, supra, 286 Conn. 712–13, 728. To satisfy the prejudice prong, the petitioner must demonstrate that "there is a reasonable probability that, but for appellate counsel's failure to raise the issue on appeal, the petitioner would have prevailed in his direct appeal, i.e., reversal of his conviction or granting of a new trial." Id., 722.

## A

The petitioner first claims that Falk provided ineffective assistance by failing to discuss meaningfully the issue of judgment modification in his appellate brief. The petitioner argues that Falk performed deficiently when he failed to argue in his brief to this court that "any modification on appeal of the petitioner's reversed conviction for robbery in the first degree as an accessory to attempt to commit robbery in the first degree as an accessory, and any affirmation of the felony murder conviction based upon such modification, was improper and would cause undue prejudice to the petitioner, as well as, would deprive the petitioner of the right to raise a renunciation defense at a new trial . . . ."

The habeas court first addressed the modification issue and found that, "[a]lthough Attorney Falk did not raise the modification issue as a separate issue on appeal, he anticipated that the state would seek a modi-

fication and argued in his brief that the Appellate Court should not modify the judgment of conviction but instead should remand for a new jury trial." The habeas court concluded that "[t]he record reflects that Attorney Falk anticipated the modification issue in his appellate brief, argued against modification and then petitioned for certification to the Supreme Court on that issue." The petitioner has not demonstrated that these factual findings of the habeas court were clearly erroneous. Contrary to the petitioner's assertions, Falk did meaningfully argue the modification issue before this court on direct appeal.

The petitioner also asserts that Falk was ineffective when he failed to argue before this court that a modification of the petitioner's conviction of robbery in the first degree as an accessory would deprive the petitioner of the right to raise a renunciation defense at a new trial. The habeas court found: "The petitioner provided no evidence in this case, or at the criminal trial, to support the theory that he would, or even could, have raised a renunciation defense. . . . Nothing presented to this court distinguishes the petitioner's contentions from those made during the criminal trial, namely, that he happened to be present when the offenses occurred but was not part of a robbery or conspiracy. Based upon the foregoing, the court concludes that this claim is unsupported by any evidence."

We agree with the habeas court's conclusion that the petitioner failed to prove that Falk's representation on appeal was deficient. Despite the petitioner's statements to the contrary, Falk adequately briefed and argued the modification issue before this court on direct appeal. As to the petitioner's renunciation defense argument, the petitioner has failed to point to evidence in the record that takes his argument out of the realm of speculation and makes it a demonstrable reality. See *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 584. Accordingly, the petitioner's claim cannot stand.

B

The petitioner next claims that Falk provided ineffective assistance by failing to file a reply brief to address the state's position, which relied on the cases of *State* v. *John*, 210 Conn. 652, 689, 557 A.2d 93 (holding that "[a] unanimous verdict of guilty of robbery necessarily encompasses a unanimous finding that the defendants had at least attempted to commit robbery"), cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989), and *State* v. *Jones*, 193 Conn. 70, 76, 475 A.2d 1087 (1984) (holding that jury could not find that defendant had completed robbery without finding that he had attempted to commit robbery). The petitioner argues that the facts of his case were distinguishable from those in *John* and *Jones*, and that Falk did not subject the state's reliance on these cases to meaningful

adversarial testing.

The habeas court found that "[t]he petitioner has not provided a sufficient record for the court to address this claim." The petitioner entered Falk's appellate brief into evidence at the habeas trial but did not provide the habeas court with the state's appellate brief or transcripts of the oral argument before this court. As such, the habeas court could not determine whether the state actually relied on *John* or *Jones* in its appellate brief or at oral argument. Additionally, the petitioner did not prove to the habeas court that Falk failed to file a reply brief. As the habeas court correctly noted, "[i]t was the petitioner's burden to provide such evidence to support his claim." We conclude that the record before us from the habeas court is insufficient to review this claim. Further, we agree with the habeas court's conclusion that the petitioner failed to prove that Falk was ineffective in failing to file a reply brief to specifically address the state's reliance on *John* and *Jones*.

C

The petitioner's final claim is that Falk provided ineffective assistance by failing to file a motion for reconsideration. The petitioner argues that Falk should have filed a motion for reconsideration in order to distinguish the petitioner's case from *State* v. *Greene*, 274 Conn. 134, 174, 874 A.2d 750 (2005) (modifying conviction for manslaughter in first degree with firearm as accessory to reflect conviction for manslaughter in first degree as accessory), cert. denied, 548 U.S. 926, 126 S. Ct. 2981, 165 L. Ed. 2d 988 (2006); *State* v. *John*, supra, 210 Conn. 687; *State* v. *Jones*, supra, 193 Conn. 75; *State* v. *Grant*, 177 Conn. 140, 148–49, 411 A.2d 917 (1979); and *State* v. *Ortiz*, 71 Conn. App. 865, 881, 804 A.2d 937 (modifying conviction for robbery in first degree to reflect conviction for robbery in second degree), cert. denied, 261 Conn. 942, 808 A.2d 1136 (2002). The petitioner claims that he was prejudiced by Falk's failure to distinguish these cases from his own because his case "stands as the only case in [Connecticut] where a reviewing/appellate court has ever reversed a conviction due to insufficiency of evidence and then modified the judgment to reflect a conviction for a lesser included offense for which the jury had not been instructed on . . . ."

The petitioner also argues that Falk should have filed a motion for reconsideration in order to argue that this court's "harmless error analysis regarding the felony murder conviction was incorrect . . . ." As this court did not engage in a harmless error analysis with respect to the felony murder conviction in the petitioner's direct appeal; see *State* v. *Haywood*, supra, 109 Conn. App. 464–66; the exact nature of the petitioner's claim is unclear. However, the petitioner argues this issue, and we construe it, as a claim that Falk should have filed a motion for reconsideration in order to argue that this court improperly concluded that modifying the petition-

er's conviction from robbery in the first degree as an accessory to attempt to commit robbery in the first degree as an accessory, and thereby upholding the felony murder conviction, would not prejudice the petitioner.

We are not persuaded by either of the petitioner's arguments. The record demonstrates that, while Falk did not specifically refer to *Greene, John, Jones, Grant,* or *Ortiz* in his appellate brief, he did argue the modification issue, including the fact that the jury had not been instructed on the lesser included offense, and that modification of the conviction to the lesser included offense would therefore prejudice the petitioner. Falk argued that "[s]ince the state never charged the [petitioner] with attempted robbery in the first degree . . . the judgment as to that count should be reversed and the case remanded with direction to render judgment of not guilty of robbery in the first degree." He also argued that "[w]ithout the jury being instructed [on criminal attempt], the [petitioner] did not receive 'a fair adjudication of guilt on all the elements of the crime' of attempted robbery in the first degree." This court considered Falk's arguments and rejected them, deciding instead to reverse the petitioner's conviction of robbery in the first degree as an accessory and modify it to reflect the lesser included offense of attempt to commit robbery in the first degree as an accessory, even though the jury had not been instructed on criminal attempt. See *State* v. *Haywood*, supra, 109 Conn. App. 464–66.

The habeas court found that "the petitioner has not provided a proper basis from which the Appellate Court would have reconsidered its decision." We agree. Essentially, the petitioner claims that Falk should have filed a motion for reconsideration so that he could make the same arguments that he previously had made in his appellate brief. The petitioner's claim is without merit. A party's desire for a second chance to prevail on arguments that this court already has considered and rejected is not a proper basis for reconsideration. The petitioner has not presented any evidence that Falk could have filed a motion for reconsideration that this court would have granted. As such, we agree with the habeas court's conclusion that the petitioner failed to prove that Falk was ineffective in failing to file a motion for reconsideration.

In order to succeed on his ineffective assistance of counsel claims, the petitioner must satisfy both the performance prong and the prejudice prong of *Strickland*. See *Small* v. *Commissioner of Correction*, supra, 286 Conn. 712–13. The petitioner has not demonstrated that his trial counsel or appellate counsel provided ineffective assistance and that he suffered prejudice as a result. Accordingly, we conclude that the habeas court properly determined that the petitioner failed to prove that his trial counsel and appellate counsel were inef-

fective.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] On appeal, the petitioner raises a number of claims that were not raised in his amended habeas petition, briefed to the habeas court, or decided by the habeas court. These claims were not preserved for appeal and we will not review them. See *Henderson* v. *Commissioner of Correction*, 129 Conn. App. 188, 198, 19 A.3d 705 ("[a] reviewing court will not consider claims not raised in the habeas petition or decided by the habeas court"), cert. denied, 303 Conn. 901, 31 A.3d 1177 (2011). These claims include the following: (1) trial counsel was ineffective in eliciting testimony from Kevin Moriarty, a friend of William Brown, the victim of both the robbery and the murder, that the victim usually had about $1000 in his possession; (2) trial counsel was ineffective in failing to request a jury charge on renunciation; (3) appellate counsel was ineffective in failing to argue before this court on direct appeal that a modification of the petitioner's conviction of robbery in the first degree as an accessory to reflect a conviction of a lesser included offense that the jury was not instructed on would violate the double jeopardy clause of the United States constitution; and (4) appellate counsel was ineffective in failing to discuss the issue of judgment modification in the petition for certification to appeal to our Supreme Court.

[2] In his amended petition, the petitioner also alleged prosecutorial impropriety. He has not raised any claims regarding the denial of his prosecutorial impropriety claim before this court.

[3] Wright did not testify about the $390 on direct examination by the state.

[4] Attorney Donald D. Dakers accompanied Falk on the brief in the petitioner's direct appeal and was named in the amended petition for a writ of habeas corpus. The petitioner, however, fails to argue that Dakers' representation was ineffective.